[Rev.S/0~]

FORM TO BE USED BY A PRISONER IN FILINC A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) Henry R. Taylor, Jr.         00159464    :
(Name of Plaintiff)         (Inmate Number)  :
                                          :

D.C.C., Smyrna, DE. 19977            :
(Complete Address with zip code)      :                                    - 0 7 - 2 4 4
                                          :

(2) N/A                                   :
(Name of Plaintiff)         (Inmate Number)  :                 (Case Number)
                                   :    (to be assigned by U.S. District Court)

N/A                                     :
(Complete Address with zip code)      :

(Each named party must be listed, and all names   :
must be printed or typed. Use additional sheets if needed)  :
                                     :

            VS                     :       **CIVIL COMPLAINT**

(1) Kathleen D. Feldman             :

(2) Jeanne K. Cahill               :       **Jury Trial Requested**

(3) Patrick J. O' Hare             :
      (Names of Defendants)        :

(Each named party must be listed, and all names   :
must be printed or typed. Use additional sheets if needed)  :

## I.      PREVIOUS LAWSUITS

      A.            If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case
                          number including year, as well as the name of the judicial officer to whom it was assigned:

N/A



**II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution? ☒ Yes ☐ No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims? ☐ Yes ☒ No

C.    If your answer to "B" is Yes:

  1. What steps did you take? N/A

  2. What was the result? N/A

D.    If your answer to "B" is No, explain why not: Suit Against Superior Court N.C.C local gov. entity and its employee's

**III    DEFENDANTS** (in order listed on the caption)

  (1) Name of first defendant: Kathleen D. Feldman

  Employed as Official Chief Court Reporter at Superior Court N.C.C.

  Mailing address with zip code: 500 King St, Suit 2609 Wilm, DE. 19801

  (2) Name of second defendant: Jeanne K. Cahill

  Employed as Assistant Chief Court Reporter at Superior Court N.C.C.

  Mailing address with zip code: 500 King St, Suit 2609 Wilm, DE. 19801

  (3) Name of third defendant: Patrick J. O' Hare

  Employed as Official Court Stenographer at Superior Court N.C.C.

  Mailing address with zip code: 500 King St, Suit 2609 Wilm, DE.19801

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

(4) Sharon Agnew, Chief Prothonotary at Superior Court N.C.C., 500 King St, Suit 500 Wilm, DE. 19801

(5) James Frazier , Gov. Service Manager at Del. Public Archives, 121 Duke of York St, Dover, DE. 19901

(6) Superior Court N.C.C. local gov. entity 500 King St, Suit 10400 Wilm, DE. 19801

IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your ease. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1.  See attachments outlined 6-40 for jurisdiction, plaintiff, defendant's, facts, claims (cause of Action)

2.

3.

V.  *RELIEF*

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.  See attachments 38-40

2.

3.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this  27th  day of  April  , 2007.

Henry B. Taylor, JR.
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

## A. **JURISDICTION**

6.      This is a civil action authorized by **42 U.S.C. §1983** to redress the destruction of Plaintiff's court records based on the unlawful employment of a **(Policy)** resulting in the deprivation of plaintiff's **Federally- Protected** court access and "Property Interest" right's secured by the **Fifth** and **Fourteenth Amendment** to the **U.S. Constitution** involving plaintiff's **Life** and **Liberty** by persons while acting under the **Color Of State Law. Jurisdiction** is based on **28 U.S.C. § 1331** and **§ 1343 (a) (1-4).** For Some clarity, Plaintiff is **not** alleging an illegal conviction or sentence. However, pursuant to **28 U.S.C. § 2201** and 2202 plaintiff is alleging various **Due Process Violations** seeking declaratory judgment and money damages against each of the defendants named above and the entire **New castle County Local Government Entity Court House Defendants.** The court pursuant to **28 U.S.C. §1367** has supplemental **jurisdiction** over Plaintiff's pendent state law claims under the **"County** and **Municipal" Torts Claim Act.**

## B. **PLAINTIFF**

7.      Henry R. Taylor, Jr. is the Plaintiff in this civil action an inmate who is housed at the Delaware Department of Corrections Smyrna, DE. 19977 and remains therein at the time of filing this complaint.

## C. **DEFENDANT'S**

8.      Defendant Kathleen D. Feldman in a **"Ministerial Function"** who holds the position as the Official chief court Reporter within the local government entity is legally responsible for unlawfully employing the **(Policy)** at issue resulting in destruction of court files is being sued in her **"Individual"** and **"Official Capacity."** At all times mentioned in this complaint this defendant was acting under the color of state law.

9.      Defendant Jeanne K. Cahill in a **"Ministerial Function"** who holds the position as the assistant chief court Reporter within the local government entity under the direct supervision of defendant Feldman is legally responsible for the unlawful execution of the **(Policy)** at issue resulting in destruction of court files is being sued in her **"Individual"** and **"Official Capacity."** At all times mentioned in this complaint this defendant was acting under the color of state law.

10.     Defendant Patrick J. O' Hare in a **"Ministerial Function"** who holds the position as the official court stenographer within the New Castle County Local Government Entity under the direct supervision of defendant Feldman and Cahill is legally responsible for the wrongful execution of the **(Policy)** at issue resulting in destruction of court files is being sued in his **"Individual** and **"Official Capacity".** At all times mentioned in this complaint this defendant was acting under the color of state law.

11.     Defendant Sharon Agnew as the official principal court clerk of the Prothonotary for the New Castle County Court House legally responsible for the management and record keeping of **all court** proceedings, and **all** daily transaction made thereto based on the **unlawful** execution of the **(Policy)** at issue resulting in destruction of court files pursuant to Superior Court Criminal Rule 55(e) is being sued in her **"Individual"** and **"Official Capacity."** At all times mentioned in this complaint this defendant was acting under the color of state law.

12.     In essence, Plaintiff is naming the New Castle County Court House as defendants, leaving it for a jury to decide whether the acts and or omissions of its own government employees in an **"Official Capacity"** involving the **(Policy)** at issue are in fact the acts of their

own making the entire local government entity liable for money damages. At all times mentioned in this complaint each of the named defendants as employee's of the local government entity were acting under the color of state law.

13.    Defendant James Frazier the government Service manager of the Delaware Public Archives who is legally responsible for employing all **(Policy's)** regarding Public records is being sued in his **"Individual"** and **"Official Capacity."** At all times mentioned in this complaint this defendant in connection with the Delaware Public Archives and the Superior Court Reporting agency were acting under the color of state law.

## FACTS

14.    Upon information and belief, it is reasonable to assume from the outset that defendant Sharon Agnew as the official principal court clerk of the N.C.C. Superior Court House Prothonotary had to have missed a step in managing the court files based on the **(Policy)** at issue pursuant to Superior Court criminal Rule 55(e).

15.    Thusly, from March of 1998 up to October of 2005 the Plaintiff wrote several Letters to the New Castle County Superior Court Reporting agency within the meaning of the local government entity See attached exhibits 1-11.

16.    A review of these Letters in connection with IN83-06-1713, IN 84-09-0030 reveals plaintiff was requesting both the 1983 and 1985 court record **(Transcripts)** to support a valid legal claim See Attached exhibits 1-11.

17.    Above all things the Letters Plaintiff received from the official court Reporting agency when viewed against the letters he wrote demonstrates that this agency had been put on notice the court records were being requested long before their employment of an

eventual claim of a twenty year **(Policy)** resulting in destruction of Plaintiff's 1985 court records. See Attached exhibits 1-11.

18.     Following several failed attempts trying to obtain court records through Letters of communication, but prior to the court Reporting agency's eventual claim of a twenty year **(Policy),** at the plaintiff's request his relatives did make several in person office visits before that agency requesting the 1983 and 1985 court records. See Attached exhibit 12.

19.     Upon information and belief, the Plaintiff learned from his relatives that when they offered to make a deposit for court records prior to twenty years they were told to hold off on such deposit by the defendant Kathleen Feldman and others because it was possible the records in Delaware Public Archives were destroyed. Rule 55(e).

20.     Upon information and belief the plaintiff and his relatives were mislead into believing it was okay to hold off on making a timely payment for court records prior to the court Reporting agency eventually employing a twenty year **(Policy)** Rule 55(e).

21.     The Plaintiff, unaware of the on coming **(Policy)** resulting in destruction of court files could result in a deprivation of his right's secured under the constitution did finally make a deposit for court records. See Attached exhibit 13.

22.     Mean while, armed with the information it was possible the court records were destroyed from his relatives and because of the delay it was taking before hearing the status of court records, plaintiff again wrote the official court Reporting agency a copy of which he sent to his relatives. See Attached exhibits 14-16.

23.     A review of that Letter discloses it was addressed to defendant Kathleen Feldman, the Official Chief Court Reporter, in that Plaintiff was expressing grave concern regarding his

numerous failed attempts trying to rightfully obtain his court records over the years to support a valid legal claim. See Attached exhibits 14-16.

24.    More notably, is that the Letter was requesting that plaintiff or his relatives be provided with something in writing to verify if any of the records were destroyed in Delaware Public Archives. See Attached exhibit 14-16.

25.    In a strange twist, in light of Plaintiff's numerous request for court records and despite Plaintiff's relatives appearing before the official court Reporters office prior to twenty years, Plaintiff was provided with a November 9, 2005 Letter from defendants Feldman, Cahill, and O'Hare all verifying that based on a twenty year **(Policy)** the 1985 court records in Delaware Public archives were destroyed. See Attached exhibit 17.

26.    Contrary to that Letter, the information Plaintiff received from defendant James Frazier the Delaware Public Archives service Manager verifies **(Transcripts)** of the Superior Court are suppose to remain a permanent part of their files. Further, that any **(Destruction)** purging or otherwise is done by a Superior Court staff member prior to being stored in Archives. See Attached exhibit 18.

27.    Plus, Plaintiff obtains additional information from Archives that makes it plausible to conclude that Plaintiff made request for the 1985 court records long before the employment of any **(Policy)** resulting in destruction of same. See Attached exhibit 19.

28.    Feeling betrayed by such misrepresentation from the court Reporting agency, Plaintiff's relatives provided him with sworn affidavits verifying that they were in fact before the local government entity requesting court records prior to twenty years See Attached exhibits 20, 21.

29.    It is upon this information as outlined by the facts involving the **(Policy)** at issue that gives way to the filing of this **U.S.C. § 1983 Civil Right's Complaint** combined with state law claims pursuant to **10 Del. C. § 4010- 4013.**

## E. CLAIM

### 42 U.S.C. § 1983 PENDENT STATE LAW CLAIMS

### FIRST CAUSE OF ACTION

30.    The acts and or omissions of the defendants leading to destruction of court files as outlined by the paragraphs in 8-2⅗ deprives Plaintiff of his court access rights to pursue a valid legal claim involving Plaintiff's **Life** and **Liberty** . This cause of action is in violation of Plaintiff's **Due Process Rights** Secured by the **Fifth** and **Fourteenth Amendment** to the **Federal Constitution** and **Article 1, Section 7 and 9** to the **Delaware Constitution** on Plaintiff's state law claims pursuant to the **"County** and **Municipal" Torts Claim Act** arising out of the same set of facts.

### 42U.S.C. § 1983 AND PENDENT STATE LAW CLAIMS

### SECOND CAUSE OF ACTION

31.    The acts and or omissions of the defendants as outlined by the paragraphs in 8-2⅗ thereby causing the destruction of Plaintiff's court files in that Plaintiff does or did have a legitimate claim of entitlement to them in connection with not only his court access rights, but also Plaintiff's **"Property Interest"** rights involving **Life** and **Liberty,** is in violation of the Plaintiff's **Federally- Protected Fifth** and **Fourteenth Amendment** right's to equal protection and due process of law Secured by the **U.S. Constitution** and **Article 1, Section 7 and 9** to the **Delaware Constitution** on Plaintiff's state law claims.

## 42U.S.C. § 1983 AND PENDENT STATE LAW CLAIMS

### THIRD CAUSE OF ACTION

32.    The conduct of the defendants after learning of Plaintiff's timely request for the

1985 court records involving Plaintiff's **Life, Liberty, Court Access** and **"Property**

**Interest" Rights,** and then to delay the process to unlawfully employ the County **(Policy)**

at issue later resulting in destruction of same as outlined by the paragraphs in 8-2ʒ, in that

said **(Policy)** is attributed to the local government as defendants, is in violation of

Plaintiff's **Fifth and Fourteenth Amendment rights** to **Due process** of law under the

**U.S.** and **Delaware Constitution** pursuant to **Article 1, Section 7 and 9** on Plaintiff's

state law claims.

## 42 U.S.C. 1983 AND PENDENT STATE LAW CLAIMS

### FOURTH CAUSE OF ACTION

33.    The acts and or omissions of defendants Feldman, Cahill, O' Hare, Agnew and

Frazier, wherein they all knew or should have known of the foreseeable harm by

destroying court files contrary to the **(Policy)** at issue as outlined by the paragraphs in 8-

2ʒ thereby causing an "actual injury" to Plaintiff's **Constitutionally- Protected Liberty**

and **"Property Interest" Constitutes** a **reckless** and **"Callous Indifference"** to

plaintiff's rights and privileges under the **Fifth** and **Fourteenth Amendment** to the **U.S.**

and **Delaware Constitution** coupled  with Plaintiff's state law claims pursuant to the

**"County** and **Municipal' Torts claim Act.**

## 42 U. S. C. § 1983 AND PENDENT STATE LAW CLAIMS

## <u>FIFTH CAUSE OF ACTION</u>

34.     The acts and or omissions of defendants Feldman, Cahill, and O' Hare in light of

Plaintiff's timely request for the 1985 court records to misrepresent to the Plaintiff by way of

letter with the intent to pervert the truth by claiming that based on an official **(Policy)** those

records in Archives were destroyed as outlined in paragraphs 8-2%, whereas Archives states it

differently, constitutes **("Actionable Fraud")** a breach of their legal duties depriving plaintiff of

those rights and privileges secured by the **equal protection** and **due process clause** of the

**Fourteenth Amendment** to the **U.S. Constitution** and **Article 1, Section 7** and **9** to the

**Delaware Constitution** on Plaintiff's **State Tort Claims §§ 4010-4013.**

## 42 U.S.C. § 1983 AND PENDENT STATE LAW CLAIMS

## <u>SIXTH CAUSE OF ACTION</u>

35.     The acts and or omissions of defendant James Frazier of the Delaware Public Archives

who is legally responsible for enforcing any and **all (Policy's)** concerning records to knowingly

allow the official court reporting agency to intentionally misrepresent to the Plaintiff that based

on a twenty year **(Policy)** the 1985 court records were destroyed, in which the archives agency

was made aware of plaintiff's timely request for court records as outlined in paragraphs 8-2%,

deprives Plaintiff of his **"Property Interest" Rights** involving **Life and Liberty** without **Due**

**Process of law** secured by the **Fourteenth Amendment** to the **U.S. Constitution and Article 1,**

**Section 7 and 9** to the **Delaware Constitution** on Plaintiff's state **Tort Claims.**

## 42 U.S.C. § 1983 AND PENDENT STATE LAW CLAIMS

### SEVENTH CAUSE OF ACTION

36.    The independent failure of defendant Feldman to preserve the 1985 court files after

learning of Plaintiff's timely request for same so Plaintiff could pursue a valid legal claim as

outlined in paragraphs 8- 2ॐ in which she knew or should have known as the **Official Chief**

**Court Reporter** that the **unlawfully** carrying out of the **(Policy)** attributed to the local

government entity would cause damage to the Plaintiff's **"Property Interest" Constitutes**

**Gross Negligence** and a **"Deliberate Indifference"** to Plaintiff's **Court Access Rights,** in

violation of the **Fifth** and **Fourteenth Amendment** to the **U.S. Constitution** and **Article 1,**

**Section 7** and **9** to the **Delaware Constitution** on Plaintiff's state **Tort claims.**

### 42U.S.C. §1983 PENDENT STATE LAW CLAIMS

### EIGTH OF CAUSE OF ACTION

37.    Each of the foregoing paragraphs in 8- 2ॐ are incorporated herein as though fully set

forth and in addition, Plaintiff alleges that all times relevant hereto, defendants Feldman, Cahill,

O'Hare, Agnew and Frazier **"Maliciously Conspired** to and **unlawfully   Promulgated an**

**official (Policy)** by employing the powers of their offices to **"Intentionally or** with a

**"Deliberate Indifference"** to **destroy** court records depriving Plaintiff of his court access and

**"Property Interest" rights** without **Due process of law Secured by the fifth and Fourteenth**

**Amendment to the U.S. Constitution and Article 1, Section 7 and 9 to the Delaware**

**Constitution** on Plaintiff's **State Tort claims.**

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully request that this Honorable court enter judgment granting Plaintiff:

38.    A declaration that the acts and or omissions described herein violated plaintiff's **State** and **Federally- Protected** rights to **Equal Protection** and **Due Process** of **Law** Secured by the **Fourteenth Amendment** to the **U.S. Constitution** and **Article 1, Section 7** and **9** to the **Delaware Constitution** on Plaintiff's state **Tort Claims.**

39.    Unspecified **Compensatory** and **Punitive Money Damages** against each named defendant in their **"Individually"** and **"Official Capacity"** together with an award of **Special Money Damages** for the **Pain** and **Suffering** with an opportunity to later amend **A Sum Amount** under this **Constitutional Tort.**

40.    A jury trial on all claims **(Cause Of Action)** triable by jury, so that a determination can be made declaring: **(1)** whether the acts described herein by the defendants were the kind of **irresponsible** acts disregarding **all** sense of **right** and **wrong** for the truth with a **"Callous Indifference"** towards Plaintiff's **Constitutional Rights** Secured by the **Fourteenth Amendment** under the **42 U.S.C. § 1983 Federal Civil Right's Statute (2)** whether any of the acts of the **local government entity employees** involving the **(Policy)** at issue are in fact the acts of their own making the entire **local government entity** as named defendants in a **"Official Capacity" liable** for **Compensatory** and **Punitive  damages**  for the alleged **Due Process Violations** as outlined herein.

Dated: 4- 27-07

_Henry R. Taylor, JR._
Henry R. Taylor, Jr. PRO se Plaintiff
Delaware Correctional Center
Smyrna, Delaware 19977

MR. Henry R. Taylor, JR.
S.B.I# 159464
Delaware Correctional
Center 1181 Paddock
Road Smyrna, DE. 19977

MR. David G. Meddings
Chief Court Reporter
Daniel L. Herrmann
Court House 1020
North King Street
Wilm, DE. 19801

RE: 30406643DI

Dear MR. Meddings,

This letter in Connection With the above refrence
Case Number is requesting Copies of the
Guilty Plea Proceeding transcript and the
Sentencing record under the Same Case.
Please be advise this information is needed
So I Can file a Petition With the Court.
Your Co-operation in this matter is appreciated.
Thank You.

Sincerely,
Henry R. Taylor

EXhibit 1

# SUPERIOR COURT
OF THE
# STATE OF DELAWARE

DAVID G. MEDDINGS
Chief Court Reporter
(302) 577-2400 ext. 751

Daniel L. Herrmann Courthouse
1020 North King Street
Wilmington, Delaware  19801

March 30, 1998

Henry R. Taylor, Jr.
Delaware Correctional Center
Smyrna, Delaware 19977

RE:   ID# 30406643DI

Dear Mr. Taylor:

Your undated letter requesting a transcript of your guilty plea and
sentencing with reference to the above case identification number
was received March 27.

There is a charge for transcript; if you wish to purchase the
transcript, a deposit, based on the estimated cost and in the
name(s) of the reporter(s) who reported the proceeding, will be
required before the transcript is prepared.  If you cannot purchase
the transcript and wish to obtain it at State expense, you must
make application to the Criminal Office Judge, Superior Court
Judges Chambers, Daniel L. Herrmann Courthouse, Wilmington,
Delaware 19081.  You should state the reason(s) why you need the
transcript in your application.

Sincerely,

David G. Meddings
Chief Court Reporter

DGM/
xc:   file

EXhibit 2

MR. Henry R. Taylor, JR.
S.B.I # 159464
Delaware Correctional
Center 1181 Paddock
Road Smyrna, DE. 19977

MR. David G. Meddings
Chief Court Reporter
Daniel L. Herrmann
Court House 1020
N. King Street Wilm,
DE. 1980

May 22, 1998

RE: ID# 30406643 DI

Dear MR. Meddings:

Please find the names of the Court
reporters who reported the Proceedings
I requested previously. The names appearing
on the docket sheet I have are Joel, Leitow,
Roland, Vazone before Judge Bifferato.
The Deputy Attorney General was L.J. Ramunno
while the defense attorney involving the
taking of a Robinson Plea was Joseph Green
a representative of the Public Defenders Office.
Also I would appreciate you advising
me of the estimated cost for the
Court record. Thank you.

Sincerely,

Henry R. Taylor

TO: Superior Court Reporter
Daniel L. Herrman CourtHouse
1020 N. King Street Wilm,
Del. 19801

FROM: MR. Henry R. Taylor, JR.
#159464 Delaware
Correctional Center,
1181 Paddock Road
Smyrna, DEL. 19977

RE: Transcript of Record

DATE: February 4, 2002

Dear Court reporter,

This letter in Connection with IN94-09-0298-
0300 is requesting the transcript of the
Proceedings. The judges involved in the
Case, were judge Bifferato and Robert C. O'hara.
The defense attorney was MR. Joseph Green from
the Public Defenders' Office with the Deputy
Attorney General as L.J. Rammuno. The Court
reporters names on the docket Sheet
I have are Joel, Leibow, Roland Volzone.
your time in assising me with getting
the Court records of the Proceedings
So I Can file my Petition before the
Court is appreciated. Thank you.

Very Truly Yours,
Henry R. Taylor

Exhibit 4

Superior Court Reporters
New Castle County
Daniel L. Herrmann Courthouse
1020 N. King Street, Wilmington, DE 19801

DATE:        March 6, 2002

TO:        Henry R. Taylor, Jr.

RE:        TRANSCRIPT(S)

Dear Mr. Taylor,

Your request cannot be completed due to insufficient information. Please provide the following:

Presiding Judge   Judge Bifferato | Judge Robert C. O'Hara

Exact Date of Proceeding   X April 8, 1985   August 21, 1985

Type of Proceeding   Rule 11 Plea Proceedings
                                                                    (0300)
Criminal Action Numbers   IN 84-09-0298 | IN 84-09-0300

Criminal ID Numbers   X # 30406643 DI # 83003848

Defendant's S.B.I. Number  X  159464

Once this information is received by our office, the appropriate court reporter (s) will be notified. You will then receive a request from the court reporter (s) requesting payment for services. This request form will give an estimate of total pages and price. Upon receipt of payment, your order will then be placed on the reporter's caseload order sheet.

If you intend to request the transcript at State's expense, you must file a Motion to Proceed Informa Pauperis with the Prothonotary's Office.

Thank you,

*Superior Court Reporters*

Superior Court Reporters

EXhibit 5

TO: Official Court Reporter
New Castle County Court
House 500 King Street
Suite 2609 Wilm, DE 19801-
3725

FROM: MR. Henry R. Taylor, JR. #159464
S.B.I. Delaware Correctional
Center 1181 Paddock Road
Smyrna, DE. 19977

RE: Rule 11 Plea Proceeding Court Record

DATE: September 24, 2004

Dear Court Reporter:

It's been a while I have not heard
anything about my previous request
for court records. None the less, this
letter is again requesting if you could
tell me whether the 1983 and 1985
court record transcripts in connection
with IN4306-1713, IN44-09-0298-0300
can be obtain. The court reporters involved
in these proceedings appearing from the docket
are Joel, Leibow, Roland Volzone, Aitken
William MacClaren Because these transcripts
are needed to support my guilty plea
challenge in my petition I will be soon
filing before the court I would appreciate
you advising me of the cost involved.
Thank you.

Very Truly Yours,
Henry R. Taylor
Exhibit 6

## REQUIREMENTS FOR TRANSCRIPT REQUEST

DATE:     November 22, 2004

  TO:     Henry R. Taylor, Jr., SBI#00159464

FROM:     Kathleen D. Feldman, Chief Court Reporter

          Official Court Reporter
          New Castle County Courthouse
          500 King Street-Suite 2609
          Wilmington, DE 19801-3725

  RE:     TRANSCRIPT of: Plea & Sentencing held on 10/25/83 & 2/17/84

### ESTIMATE OF TOTAL COSTS:

* (This is an estimate only. You may owe a balance or you may receive a refund upon completion of transcript.)

### REQUIREMENT:

1. SIGNED ORDER by a SUPERIOR COURT JUDGE authorizing payment

2. MONEY ORDER made payable to the Reporter(s) listed below; OR

3. CASH in the amount(s) listed below:

### COURT REPORTER(S)

Kathy Feldman     $100.00

If you intend to request the transcript at State's expense, you must file a Motion to Proceed Informa Pauperis with the Prothonotary's Office.

**File is in Archives. A $50.00 deposit is required for each date.

Exhibit 7

MR. Henry R. Taylor, JR.
S.B.I#159464
Delaware Correctional
Center 1181 Paddock
Road Smyrna, DE. 19977

MRS. Kathleen D. Feldman
Chief Court reporter
Newcastle County Court
House 500 King Street
Suite 2609 Wilm, DE.
19801-3725

February 14, 2005

Dear MRS. Feldman:

This letter is to apprise you that Contrary
to your Previous letter I am requesting
Copies of both the 1983 and 1985 Court
records so I can file a Rule 61 Petition.
Also. I would appreciate your office letting
me know if you are able to identify
with the information I provided so
my request for the Court records/transcript
Can be Obtain. Thank you.

Sincerely Yours truly,
Henry R. Taylor

Exhibit 8

MR. Henry R. Taylor, JR.
S.B.I. # 159464
Delaware Correctional
Center 1181 Paddock
Road Smyrna, DE. 19977

MRS. Kathleen D. Feldman
Chief Court Reporter
NEWCASTLE County
Court House 500 King
Street Suite - 2609
Wilm, DE. 19801-3725

RE: Transcript of Plea Hearing
     CR. A.No. In 84-09-02994
     0300

DATE: May 24 2005

This letter is reguarding the enclosed November 22,04
letter I received from the above Official Court
reporter in an effort to try and Obtain a
copy of the actual Plea agreement Signed as
Well as a copy of the transcript Where the
Plea Was entered on record. The Plea Was
entered on April 5, 1945 before Judge Bifferato.
The Deputy Attorney General Was L.J. Ramunno With
the defense attorney Joseph Green. The Court
reporters involved in the over all Case Were
Leibow, Roland Volzone, and Joel. Holever, the
criminal action No. Shown on the enclosed
letter from this Office is incorrect
as it relates to an         altogether
different case than the One Sought after.

Exhibit 9

That being said please take notice of the above RE: CR.A.No. In 84-09-0298 0300 Which is the correct date and case under which the information concerning the plea transcript and signed plea agreement I am requesting.

Because this information is very important in drafting a Rule 61 Petition please take notice of the correct criminal action case number so theres no delay in moving forward.

I am well aware this information has to be obtained from the Archives as noted in your previous letter.

In the mean time it would be helpful if your office were to corrospond back and let me know if you are able to identify with various case information I make refrence to. Thank you for your co-operation in this matter.

Yours Sincerely,

Henry R. Toyra

---

EXhibit 10

MR. HENRY R. TAYLOR, JR.
DELAWARE CORRECTIONAL
CENTER 1181 PADDOCK ROAD
SMYRNA DE. 19977 S.B.I#159464

JULY 20, 2005

To Whom it may Concern:

This letter is again requesting a copy of the actual plea agreement as well as the transcript of the plea entered on record.

In connection with CR.A. NO. IN 84-09-0298-0300 the plea was entered on April 8, 1985 before Judge Bifferato.

The Deputy Attorney General was L. J. Ramunno with the defense attorney Joseph Green. The court reporters involved where LeiBow, Roland Vazone, and Joel.

Having requested this information on numerous occasions I would appreciate you certifying it once you obtain it from the archives. Thank you. [See attach letters].

Sincerely Yours,
I AM
Henry R. Taylor

Exhibit 11

## **AFFIDAVIT**

I, <u>Henry R. Taylor, Jr.</u> being duly sworn under the penalty of perjury depose and states:

that prior to the N.C.C. Superior Official Court Reporting agency employing a twenty

year **(Policy)** resulting in destruction of my 1985 court records did send my relatives

before the local government entity on several occasions requesting same.

Henry R. Taylor, Jr.
Henry R. Taylor, Jr.

Sworn to and subscribed before me this _27_ day of _April_ A.D. 2007

Timothy J. Ma
Notary

My Commission Expires: _June 14, 2008_

Exhibit - 12

                        Patrick J. O'Hare, RPR, CSR
                Official Court Stenographer - Superior Court
                        New Castle County Courthouse
                      500 N. King Street - Suite 2609
                          Wilmington, Delaware 19801
                          Phone:   (302) 255-0572
                          Fax:     (302) 255-2262
                        E-mail: patrick.o'hare@state.de.us
                              SS. NO. 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


                                    November 10, 2005

TO:        Henry R. Taylor
           DCC
           1181 Paddock Rd.
           Smyrna, DE  19977
=============================================
IN RE:     10-25-83
           State v. Taylor
           Criminal ID No. IN83-05-0801, etc.
           Transcript of Plea Colloquy Proceedings
           held before The Honorable Vincent J. Poppiti

           Original & One Copy - Regular rates

           (11 pgs @ $3.00 per page.)

                         TOTAL:   $33.00
           ** Note:   Deposit of $50
                      Return Change of $17

           TERMS:   COD




                        Exhibit 13

MR. HENRY R. TAYLOR, JR.
DELAWARE CORRECTIONAL
Center 1181 Paddock
Road Smyrna, DE. 19977
Prision I.D. No. 159464

MRS. KATHLEEN D FELDMAN
CHIEF COURT REPORTER
NEWCASTLE COUNTY
500 KING STREET-SUITE
2609 WILM, DE. 19801-
3725

OCTOBER 14, 2005

DEAR MRS. FELDMAN,

This letter comes concerning my numerous
failed attempts over the years requesting
copies of transcripts under CR.A.NO.
IN 83-06-1713 and IN 84-09-0298-0300.

This also comes on the heels of my
sending you the $50.00 you requested
for the estimated cost for each date,
for which I have not heard from you
since forwarding the check.

I do note since sending my relatives
to make inquires about obtaining
copies of the transcripts they did
mention you had stated the 1983
conviction was destroyed because
you had authorized same.

Exhibit 4

2 OF 2 Pages

They my (relatives) also apprised me that you had stated there is a chance I could possibly obtain copies of the transcript under IN44-09-0298-0300.

Whatever the case may be in all due respect to the Superior Court Practice I would not want to file a Writ of Mandamus in the matter to say the least.

If you are unable to secure the record as a matter of Public information I would appreciate you giving me or my relatives something in Writing to verify same.

With that Please do note a copy of this letter is being sent to my relatives so they may be apprised of the Status of the transcript.

Thank you very much for your Co-operation in this matter.

Sincerely, I AM
Henry R. Taylor

CC. MRS. Phyllis A. Davis
    MR. Henry R. Taylor, SR.

Exhibit 15

# Certificate of Service

I, Henry Taylor, JR. hereby certify that I have served a true and correct cop(ies) of the attached: letter requesting transcripts

_____ upon the following

parties/person (s):

TO: MRS. Kathleen
Fiedman Chief
Court reporter
NewCastle County
500 King Street Wilm,
19801

TO: _____

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 14th day of October . 200

Henry JR Taylor

Exhibit 16

SUPERIOR COURT OF DELAWARE
Superior Court Reporters Office
New Castle County Courthouse
500 King Street, Suite 2609
Wilmington, DE 19801-3725
(302) 255-0572
FAX (302) 255-2262

Kathleen D. Feldman, Chief
Jeanne K. Cahill, Asst. Chief

November 9, 2005

Henry R. Taylor, SBI# 00159464
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**RE: Transcript of hearing held on 10/25/83**

Dear Mr. Taylor,

Enclosed please find the transcript dated 10/25/83.

The notes for 4/8/85 were not found in the box at the Delaware Public Archives. They have been destroyed due to the fact that criminal notes are only held for twenty years. Luckily, the notes for 10/25/83 were not destroyed due to an oversight with Archives.

The total for the transcript was $33.00. Enclosed please find a money order in the amount of $17.00.

Thank you.

Very truly yours,

Patrick J. O'Hare
Official Court Stenographer

PJO/kms

Exhibit 17



Delaware
**Public Archives**
...your window to the past!

January 9, 2006

MEMORANDUM TO:   Henry Taylor
                 Delaware Correctional Center

FROM:            James Frazier, CRM
                 Government Services Manager
                 Delaware Public Archives

In receipt of your letter of 12/12/2005,

1. Transcripts of Superior Court cases become part of the individual case files. Currently, retention of those case files is permanent. However, they are, per the Freedom of Information Act (FOIA) and our internal Delaware Public Archives policy, not open to the public until they are 60 yrs of age. Prior to that time, permission to access the files can be granted only by the creating agency, in this case Superior Court.

2. As for "criminal notes", purging (or clean-up) of the files is performed by staff of the Superior Court before the records are transferred here. Using an approved purge list, certain items are disposed of and others are retained. The remaining file contents are then transferred here to Archives, and serviced as noted in #1 above.

If you have additional questions, please feel free to contact us.

Exhibit 18



**Hall of Records • 121 Duke of York Street • Dover, Delaware • 19901**
Telephone: (302) 739-5318      Fax: (302) 739-2578
E-Mail: archives@state.de.us

MEMO:

TO:          I/M Mr. Henry R. Taylor, Jr.
             SBI #159464 Unit S1
             Delaware Correctional Center
             1181 Paddock Road
             Smyrna, DE 19977

From:        The Delaware Public Archives

Date:        January 28, 2002

RE:          Request for Records

Although the records may be stored by the Delaware Public Archives Records Center, they are still the custody of the agency/office which created them. In order to initiate your request, you will need to contact the Prothonotary/Superior Court in the county which handled your case. Only they may grant permission for the copy/release of records.

We hope that this information will assist you in your research efforts.

$Exhibit 19$

# A F F I D A V I T

I, Phyllis A. Davis, being duly sworn under penalty of perjury deposes and states: That I did appear on three different occasions before the Office of the Official Court Reporters during which times I advised Mrs. Kathleen Feldman and others employed there in advance of their office claiming twenty years passing that my brother, Henry Taylor, Jr.'s 1983 and 1985 Court records were needed.

_____
AFFIANT

Sworn to and subscribed before me this 28th day of *March*          A.D.2006.

_____
NOTARY

KRISTIN M. WILSON
Notary Public - State of Delaware
My Comm. Expires Feb. 24, 2007.

My commission expires_____

EXhibit20

## A F F I D A V I T

I, Henry R. Taylor, Sr., being duly sworn under the penalty of perjury, deposes and states: That prior to April 8, 2005, on three different occasions I did travel to the Official Court Reporters Office, at which times I did advise Mrs. Kathleen Feldman and others my son, Henry Taylor, Jr.'s 1983 and 1985 Court records were publicly needed.

_____
AFFIANT

Sworn to and subscribed before me this 28th day of March _____ A.D. 2006.

_____
NOTARY

KRISTIN M. WILSON
Notary Public - State of Delaware
My Comm. Expires Feb. 24, 2007

My commission expires_____.

Exhibit 21

I/M  MR. Henry R.Taylor, JR.
SBI# 159464  UNIT S1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977





UNITED STATES DISTRICT
Court Clerk Lock box 18
844 King street
Wilmington, DE.
        19801
LEGAL MAIL