IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HENRY R. TAYLOR, JR.<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN D. FELDMAN, JEANNE K. CAHILL, PATRICK J. O'HARE, SHARON AGNEW, JAMES FRAZIER, and SUPERIOR COURT OF DELAWARE, NEW CASTLE COUNTY, COUNTY,<br><br>Defendants. | : | Civ. Action No. 07-244-JJF |

Henry R. Taylor, Jr., Pro se Plaintiff, Delaware Correctional Center.

**MEMORANDUM OPINION**

June 18, 2007
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Harry R. Taylor, Jr. ("Taylor"), an inmate at the Delaware Correctional Center filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.)

For the reasons discussed below, the Court will dismiss, without prejudice, the claims against the Superior Court of Delaware, New Castle County, Delaware as immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. THE COMPLAINT

Plaintiff alleges violations of his constitutional rights to access the courts and due process, and violations of the Delaware constitution and Delaware laws. More specifically, he alleges that Defendants Kathleen D. Feldman, Jeanne K. Cahill, and Patrick J. O'Hare, all court reporters within a local government entity, presumably New Castle County, failed to retain and/or destroyed court files. He makes the same allegations against Defendant Sharon Agnew ("Agnew"), New Castle County Prothonotary, and James Frazier ("Frazier"), Service Manager for the Delaware Public Archives.[1] Also named as a Defendant is the Superior Court of Delaware, New Castle County.

---

[1]The Clerk of Court failed to include Defendants Agnew, Frazier and the Superior Court of Delaware, New Castle Count on the Court docket. The Clerk of Court is directed to add these three Defendants to the docket.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403,

406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

**III. ANALYSIS**

Plaintiff names as a Defendant the Superior Court of Delaware, New Castle County. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that

names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). "Moreover, the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Rodriguez v. Stevenson, 243 F.Supp.2d 58, 63 (D. Del. 2002).

Additionally, the Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100. Finally, Delaware's branches of government, such as the judicial branch, are not persons subject to claims under 42 U.S.C. § 1983. Id. Plaintiff's claim against the Superior Court of Delaware, New Castle County has no arguable basis in law or in fact inasmuch as it is immune from suit. The claim is frivolous and the Court will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**IV. CONCLUSION**

For the reasons discussed above, the Court will dismiss, without prejudice, the claim against the Superior Court of Delaware, New Castle County as immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to proceed with the remaining claims. An appropriate Order will be entered.