IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HENRY R. TAYLOR, JR.              :
                                  :
          Plaintiff,              :
                                  :
     v.                           :    Civ. Action No. 07-244-JJF
                                  :
KATHLEEN D. FELDMAN, JEANNE K.:
CAHILL, PATRICK J. O'HARE,        :
SHARON AGNEW, JAMES FRAZIER,      :
and SUPERIOR COURT NEW CASTLE :
COUNTY,                           :
                                  :
          Defendants.             :

**O R D E R**

NOW THEREFORE, at Wilmington this ⟨18⟩ day of June, 2007, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court shall cause a copy of this order to be mailed to Plaintiff.

2.  The claim against the Superior Court of Delaware, New Castle County is **DISMISSED WITHOUT PREJUDICE** and Superior Court of Delaware, New Castle County is **DISMISSED** as a Defendant as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

3.  The Court has identified what appear to be cognizable claims against Defendants Kathleen D. Feldman, Jeanne K. Cahill, Patrick J. O'Hare, Sharon Agnew, and James Frazier.  Plaintiff is allowed to **PROCEED** against these Defendants.

IT IS FURTHER ORDERED that:

1.  Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2),

Plaintiff shall provide the Court with **original** "U.S. Marshal-285" forms for **remaining Defendants Kathleen D. Feldman, Jeanne K. Cahill, Patrick J. O'Hare, Sharon Agnew, and James Frazier** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del. Code Ann. tit. 10, § 3103(c). Plaintiff has provided the Court with copies of the Complaint (D.I. 2) for service upon the remaining Defendants and the Attorney General.

2.    Upon receipt of the form(s) required by paragraph 1 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this Order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the Defendant(s) so identified in each 285 form.

3.    Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

4.    Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the

-2-

complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5.  No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

6.  **NOTE: \*\*\*** When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a).  **\*\*\***

7.  **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service.  **\*\*\***

_____
UNITED STATES DISTRICT JUDGE

-3-