# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HENRY R. TAYLOR, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    C.A.No. 07-244-JJF |
| | : |
| KATHLEEN D. FELDMAN, | : |
| JEANNE K, CAHILL, | : |
| PATRICK J. O'HARE, | : |
| SHARON AGNEW and | : |
| JAMES FRAZIER, | : |
| | : |
| Defendants. | : |

## **A N S W E R**

The defendants through their attorney answer the complaint as follows:

$6^1$.	This is a legal contention for which no response is required.

7.	Defendants are without sufficient information to admit or deny the truth of this paragraph.

8.	Admitted that defendant Kathleen D. Feldman is the Chief Court Reporter and an employee of the Superior Court of the State of Delaware. The balance of the paragraph is a legal contention to which no response is required. To the extent the paragraph contains factual assertions of wrongful conduct, they are denied.

9.	Admitted that defendant Jeanne K. Cahill is a Court Reporter and an employee of the Superior Court of the State of Delaware. The balance of the

---

[1] The allegations in the complaint start at No. 6.

paragraph is a legal contention to which no response is required. To the extent the paragraph contains factual assertions of wrongful conduct, they are denied.

10.  Admitted that defendant Patrick J. O'Hare is a Court Reporter and an employee of the Superior Court of the State of Delaware. The balance of the paragraph is a legal contention to which no response is required. To the extent the paragraph contains factual assertions of wrongful conduct, they are denied.

11.  Admitted that defendant Sharon Agnew is the Prothonotary for New Castle County and an employee of the Superior Court of the State of Delaware. The balance of the paragraph is a legal contention to which no response is required. To the extent the paragraph contains factual assertions of wrongful conduct, they are denied.

12.  This paragraph contains legal contentions to which no response is required.

13.  Admitted that defendant James Frazier is a Government Services Manager and employee within the Department of State of the State of Delaware. The balance of the paragraph is a legal contention to which no response is required. To the extent the paragraph contains factual assertions of wrongful conduct, they are denied.

14.  This paragraph contains legal contentions to which no response is required.

15.  Admitted that plaintiff wrote a number of letters, the balance of the paragraph is incomprehensible.

16. Denied.

17. Denied to the extent this is a factual allegation. To the extent this paragraph contains legal contentions, no response is required.

18. Defendants have insufficient information to form a belief as to the truth of these allegations.

19. Defendants have insufficient information to form a belief as to the truth of these allegations.

20. Denied.

21. Admitted that plaintiff waited until after 20 years had passed before he made proper arrangements to have a two proceeding from the early 1980s transcribed. To the extent this paragraph also contains legal contentions, no response is required.

22. Admitted that plaintiff unnecessarily delayed for an extended period until after twenty years had passed before making the proper deposit for the transcript. To the extent this paragraph also contains legal contentions, no response is required.

23. Denied, the letter speaks for itself.

24. Denied, the letter speaks for itself.

25. Denied, the letter speaks for itself.

26. Denied, the letter speaks for itself.

27. Denied, the letter speaks for itself.

28. Denied that defendants misrepresented facts to plaintiff.

29. This is a legal contention for which no response is required.

30. Denied to the extent this is a factual allegation. If this is a legal contention, no response is required.

31. Denied that plaintiff has a property or liberty interest in the Superior Court's criminal files maintained on him.

32. Denied to the extent this is a factual allegation. If this is a legal contention, no response is required.

33. Denied to the extent this is a factual allegation. If this is a legal contention, no response is required.

34. Denied to the extent this is a factual allegation. If this is a legal contention, no response is required.

35. Denied to the extent this is a factual allegation. If this is a legal contention, no response is required.

36. Denied to the extent this is a factual allegation. If this is a legal contention, no response is required.

37. Denied to the extent this is a factual allegation. If this is a legal contention, no response is required.

38. Denied.

39. Denied.

40. Denied.

### First defense

41.     The complaint, in whole or in part, fails to state a legal claim for which relief could be granted and should be dismissed.

### Second Defense

42.     The Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment of the U.S. Constitution and the complaint should be dismissed.

### Third Defense

43.     The Court lacks jurisdiction under Article III, § 2, clause 2 of the U.S. Constitution and the complaint should be dismissed.

### Fourth Defense

44.     The complaint should be dismissed, in whole or in part, as plaintiff failed to properly exhaust his administrative remedies.

### Fifth Defense

45.     The complaint should be dismissed as service of process was improper or insufficient.

### Sixth Defense

46.     The Court lacks personal jurisdiction over defendants and the complaint should be dismissed.

### Seventh Defense

47.     The matter is in whole, or in part, time barred under the appropriate statute of limitation, or repose or by some administrative time requirement.

**Eighth Defense**

48.     The claims against the defendants should be dismissed as they are entitled to official (judicial and/or qualified) immunity.

**Ninth Defense**

49.     The claims against the defendants should be dismissed as they are barred by the doctrine of fact or issue preclusion.

WHEREFORE, defendants request the Court grant judgment for all that is just and proper, to include dismissal of this suit with plaintiff to pay all costs, including defendants' attorney fees pursuant to 42 U.S.C. § 1988.

/s/ Marc P. Niedzielski
Marc P. Niedzielski
Bar I.D. 2616
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
marc.niedzielski@state.de.us
Attorney for Defendants

DATED:  August 13, 2007

## **CERTIFICATE OF SERVICE**

I certify that on the date indicated below I served two copies of the attached document by regular U.S. Mail on the following:

Henry R. Taylor, Jr.
SBI 00159464
Delaware Correctional Center
Smyrna, DE  19977

           /s/ Marc P. Niedzielski
           Marc P. Niedzielski (2616)
           Deputy Attorney General
           Department of Justice
           820 North French Street
           Carvel Building, 6th Floor
           Wilmington, DE 19801

DATED: August 13, 2007