IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HENRY R. TAYLOR, JR.

PLAINTIFF.

V.

Kathleen D. Feldman, et. al

DEFENDANTS

C.A. NO 07-244 JJF

JURY TRIAL DEMANDED

## NOTICE OF AND MOTION REQUESTING LEAVE TO FILE AN AMENDED COMPLAINT

Pursuant to local District Rule 15.1 together with Fed. R. Civ. P. Rule 15(a) and 15(c) as well as 19(a) Plaintiff Henry R. Taylor, JR. gives notice this Honorable Court that Plaintiff is moving to amend his 42 U.S.C. § 1983 Civil Rights Complaint. Plaintiff is requesting leave to add a party and to have the dismissal of his previous Claim without prejudice reinstated based on the following:

1. Since the filing of the Original Complaint Plaintiff has discovered there does exist a sufficient close nexus (Symbiotic relationship) between local, County and State governments and the Challenged action of the Defendants as outlined in the Original Complaint. D.I.2.



2. Because of this close nexus between the Parties just mentioned Plaintiff is attributing the Challenged action of the Defendants under this Section § 1983 Complaint to the State of Delaware and at this time is naming Beau Biden as a Defendant being Sued in his individual and Official Capacity. See <u>Krynicky v. University of Pittsburg</u> 742 F.2d 94 (1984), and <u>Reitz v. County of Bucks</u>, 125 F.3d 139 (1997), Quoting <u>Burton v Wilmington Parking Authority</u>, 365 U.S. 715, 81 S.Ct. 856, 6 L.ed.2d 45 (1961).

3. Plaintiff has also discovered that Contrary to this Courts June 18, 2007 order the New Castle County local Government entity within the meaning of a municipality are liable as "Persons" under this 42 U.S.C. § 1983 Civil rights Complaint.

4. In support of this See e.g. <u>Monell v Dept. of Social Services</u>, 436 U.S. 690 (1978), wherein the U.S. Supreme Court held: that when the Officials Challenged action in executing a <u>Policy</u>, or Custom is the moving force behind the Constitutional Violation a local government entity or municipality is to be included within the definition of "Persons" liable pursuant to the Civil rights act of 1871 now Codified as <u>42 U.S.C. § 1983</u>. Id. at 690-91.

5. In meeting the Monell requirements Plaintiff points to his 3-8 Cause of action in his Complaint at D.I.2 alleging various Constitutional violations involving the twenty year Policy at issue pursuant to Superior Court Criminal Rule 55(e). Moreover, that the Official Court Reporting agency and other named Defendants in whole or part are the moving force behind executing the Official Policy causing a destruction of Court files resulting in the violation of Plaintiff's Fourteenth Amendment Due Process rights secured under the U.S. Constitution. See e.g. Farris v Moeckel, 664 F. Supp. at 888 (1987), and McGreevy v Stroup, 413 F.3d 359 (3rd Cir. 2005).

WHEREFORE, based on the facts and authorities outlined herein, Plaintiff request that he be entitled to amend his original Complaint, and that by adding parties his claim against the local County government be reinstated as a "Person" with respect to the Policy at issue under this § 1983 Civil rights Complaint.

Henry R. Taylor, JR.
HENRY R. TAYLOR, JR.
S.B.I.# 159464
Delaware Correctional
Center 1181 Paddock
Rd. Smyrna, DE. 19977

DATED: August 27, 2007

3

## CERTIFICATE OF SERVICE

I, Henry R. Taylor, JR., Certify that on the date indicated below I did Serve two copies of the attached hand written legible document by reguler U.S. Mail on the following:

Marc P. Niedzielski
(2616) Deputy Attorney
General Department of
Justice 820 N. French
Street Carvel State
Building, 6th Floor
Wilmington, DE. 19461
Attorney for Defendants

                       *Henry R. Taylor, JR.*
                       Henry R. Taylor, JR.
                       S.B.I 00 159464
                       Delaware Correctional
                       Center Smyrna, DE.
                       PRo-SE PLAINTIFF

DATED: August 24, 2007