# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

HENRY R. TAYLOR, JR.

PRO-SE PLAINTIFF.

V.

KATHLEEN D. FELDMAN, et al

DEFENDANTS.

C.A NO. 07-244 JJF

JURY TRIAL DEMAND



FILED
SEP 11 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Scanned

## PLAINTIFF'S RESPONSE TO THE DEFENDANTS ANSWER IN OPPOSITION TO HIS COMPLAINT

Pursuant to Federal Rule Civil Procedure, 7(a) this is the Plaintiff's response to the defendants answer to his complaint from 6-49 as follows:

6. Admits as a Pro Se litigant it was a mistake to have made a legal contention at this point in the Complaint. Yet the Court does have jurisdiction to resolve the State law Claims and any Federal Question pursuant to 42 U.S.C. §1983.

7. Denies the defendants assertion they are without sufficient information to admitt or deny the identification of Plaintiff.

8. Admitts to the identity and position of defendants Kathleen D. Feldman as Chief Court Reporter and employee of the Superior Court of the State

Of Delaware.

9. Admitts to the defendants acknowledgement of the identity and position of defendant Jeanne K. Cahill as an assistant Chief Court Reporter of the State of Delaware as an employee of the Superior Court.

10. Admitts that defendant Patrick J. O'Hare is a Court Stenographer and an employee of the Superior Court of the State of Delaware.

11. Admitts that defendant Sharon Agnew is the Chief Principal Court Clerk of the Prothonotary for New Castle County and an employee of the Superior Court of the State of Delaware.

12. Admitts it was a mistake to have made a legal Contention at this point in the Complaint. Yet Plaintiff did State in the factual allegations direct cause of actions of which he did name the local County government entity as a defendant responsible for its employees pursuant to a Governmental Policy.

13. Admitts to the identity of defendant James Frazier as the Government Service manager and employee within the Department of State of the State of Delaware.

14. Admitts as a Pro se litigant it may well have been a mistake to have included a brief legal contention, yet it is based upon information and belief as to the "factual allegations" remaining in this paragraph in which Plaintiff relies on the governmental policy and documentation attached to the complaint in making his case. D.I 2 1-11, 20, 21.

15. Admitts to the defendants agreeing Plaintiff wrote a number of letters, but denies the balance of the paragraph is incomprehensible for the defendants to understand the notice pleading he gave in the 32-37 cause of actions implicating the County Government pursuant to the governmental policy at issue, D.I 2.

16. While the defendants are in denial of this paragraph the factual allegations' the Plaintiff was requesting both court proceedings has evidence support attached to the complaint while pursuing a valid legal claim. D.I. 2 Exhibits 1-11.

17. While the defendants deny the factual allegations' in this paragraph the evidence support attached to the complaint at D.I.2 Exhibits 1-8 clarifies the defendants were put on notice both record transcripts of those court proceedings were being requested prior to their employing a twenty year policy.

18. While the defendants claim to have insufficient information to form a belief as to the truth of the "factual allegations" regarding Plaintiffs several failed attempts trying to obtain Court files contrary to the twenty year policy, there is documentation and witnesses attached to the Complaint verifying same. D.I. 2 Exhibits 1-8, 20, 21.

19. Based on the attached exhibits to the Complaint Plaintiff denies the defendants do have not have sufficient information to form a belief as to the truth of these "factual allegations". D.I. 2. EX. 20, 21.

20. While the defendants deny this Paragraph Plaintiff relies upon the information and belief from his witnesses to verify they were mislead into believing it was okay to hold off on making a timely payment for Court files if need be.

21. Based on the documentary evidence attached to the Complaint Plaintiff denies the defendants assertion he waited for twenty years to pass before making arrangements to have the records transcribed. D.I. 2 Exhibits 1-8, 20, 21.

22. Based on the delay after requesting the status of Court files prior to twenty years Plaintiff denies the defendants assertion he unnecssarily delayed for an extended period before making proper deposit for Court records. D.I. 2 EX. 4-8.

4

23. While the defendants are in denial of this Paragraph Plaintiff admitts the are absolutely Correct in saying the letter Speaks for itself. This is only in the sense this letter together with all the documentary evidence attached to the Complaint forms a belief the Plaintiff was expressing grave Concern regarding his numerous failed attempts trying to obtain Court records Prior to twenty Years. D.I. 2 EX. 4-8, 20, 21.

24. While the defendants are in denial of this Paragraph Plaintiff admitts they are absolutely Correct in pointing out the letter Speaks for itself, but only in the sense ~~Plaintiff~~ to Support the factual allegations Plaintiff was requesting something in writing to verify if any of the records were destroyed that he had been trying to obtain Prior to twenty Years

25. While the defendants are in denial of this Paragraph Plaintiff admitts they are absolutely Correct the letter does speak for itself. D.I. 2 17. This is only to the extent of verifying the factual allegations in Connection with the documentation attached to the Complaint forms a belief the records in Archives had to have been destroyed Prior to twenty Years D.I. 2 Exhibits 1-21.

26. While the defendants are in denial of this Paragraph Plaintiff admitts they are absolutely correct in saying the letter speaks for itself, but only in the sense to support the "factual allegations" that contrary to the letter from the official Court Reporting agency it verifies records from Superior Court remain a permanent part of Archives files. DI. 2 Exhibit 18

27. While the defendants are in denial of this Paragraph Plaintiff admitts they are absolutely correct the letter does speak for itself. This is only in the sense that the attached documentary evidence to the Complaint together with this letter forms a belief as to the truth of these "factual allegations" in the Paragraph Plaintiff made request for records from Archives prior to a twenty year policy being employed. DI 2 EX. 1-21.

28. While the defendants are in denial they did not misrepresent the facts to the Plaintiff there is documentary evidence attached to the Complaint together with witnesses affidavits that forms a belief as to the truth of the "factual allegations" in this Paragraph DI. 2 Exhibits 20, 21.

29. Plaintiff admitts this may well be a legal contention for which no response is required.

6

30. The Plaintiff's response to the defendants denial of his First Cause of action is that the "factual allegations" contained at DI.2 14-28 of the Complaint together with the attached exhibits at DI.2 EX. 1-21, directly links the defendants to the alleged Constitutional violations as stated therein.

31. While the defendants deny Plaintiff has a Property and liberty interest in the Court files the "allegations factual" contained at DI.2 14-28 of the Complaint together with the attached exhibits at DI.2 EX. 1-21 not only shows Plaintiff has a legitimate claim of entitlement to Court files, but also this Second Cause of action directly links the alleged Constitutional violations to the defendants.

32. While the defendants deny the "factual allegations" of this paragraph, Plaintiff does present facts sufficient to make the defendants responsible for employing the governmental policy attributed to the local, county, and State government resulting in destruction of Court files in violation of Plaintiff's Constitutional rights. DI2 14-28.

33. While the defendants deny this claim the attached exhibits at DI 2 1-21 combined with the "factual allegations" outlined at DI.2 14-28 states a direct cause of action regarding how the defendants are responsible for employing the governmental policy at issue resulting in the alleged violations of Plaintiff's Constitutionally Protected Property and liberty interest

7

34. While the defendants deny the factual allegations at D.I. 2 14-28 in support of this Fifth Cause of action combined together with the attached exhibits at DI 2 1-21 to the Complaint does link these defendants to the alleged Constitutional violations based on the governmental policy at issue.

35. While the defendants deny the factual allegations at DI 2 14-28 in support of the Sixth Cause of action combined together with the attached exhibits to the Complaint at DI 2 1-21 does link defendant James Frazier involving the policy at issue to the alleged deprivation of Plaintiff's rights secured under the Constitution.

36. While the defendants are in denial of the factual allegations at DI 2 14-28 in support of this Seventh Cause of action combined with the attached exhibits to the Complaint does implicate the defendant Kathleen Feldman as the moving force behind the governmental policy resulting in the alleged deprivations of Plaintiff's due process rights secured under the U.S. Constitution.

37. While the defendants are in denial of the factual allegations at DI 2 14-28 in support of this Eighth Cause of action the attached exhibits to the Complaint at DI 2 1-21 does make each of the named defendants culpable of the alleged conspiracy to promulgate a governmental policy resulting in the alleged deprivations of Plaintiff's

8

due process rights secured under the U.S. Constitution.

38. While the defendants are in denial of Plaintiff's request (Prayer) for a declaration declaring their alleged acts and or omissions unconstitutional Plaintiff again reinterates same.

39. While the defendants are in denial of the Plaintiff's Prayer request seeking unspecified composentory and punitive money damages against each of the named defendants for the alleged violations of Plaintiffs Fourteenth Amendment Due Process rights, Plaintiff again reinterates that he should be entitled to same. However, Plaintiff wishes to disclose the sum $ amount during discovery if in fact that becomes the case.

40. While the defendants are in opposition of a jury trial on all claims or cause of actions Plaintiff again reinterates that based on the governmental policy at issue he should be entitled to same.

## RESPONSE TO FIRST DEFENSE

41. The defendants assertion the Complaint should be dismissed in whole or in part because Plaintiff fails to state a claim upon which relief could be granted should not apply. This is based on how the Plaintiff plead the facts meticulously in the complaint to support his claims wherein if taken to be true would entitle him to relief. See e.g. Cruz v Beto, 405 U.S. 319, 322 (1972), a case in which the U.S. Supreme Court stated a complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt the Plaintiff can prove no set of facts entitling him to relief. Plus, the U.S. Supreme Court in Conley v Gibson, 355 U.S. 41, 45-46 (1957), said that in considering a motion to dismiss a Pro Se Complaint should be held to less strict standard than a motion drafted by a lawyer. As such, Plaintiff should be allowed to proceed.

## RESPONSE TO SECOND DEFENSE

42. The defendants assertion the Complaint should be dismissed because the Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment of the U.S. Constitution is misplaced. This is based on & how the Plaintiff has presented a genuine issue of material facts relevant to jurisdiction involving the defendants as Court Reporters and how based on

10

the decision in <u>Antoine v Byers and Anderson</u>, 508 U.S. 429, 113 S.Ct. 2167, 61 124 Led 2d 391 (1993), the U.S. Supreme Court decided the issue that Court Reporters are not entitled to absolute, judicial or qualified immunity insofar as their conduct does not violate clearly established Constitutional rights which a reasonable person would have known. See also <u>Massey v Meadows</u>, 476 F. Supp 2d 578 (2007), a case e.g. wherein a Court may consider evidence outside the Pleadings without converting the proceedings to one of summary judgement relevant to jurisdiction, if necessary. As such, Plaintiff should be allowed to proceed.

### RESPONSE TO THIRD DEFENSE

43. The defendants assertion the Plaintiff's Complaint should be dismissed under Article III, §2, Clause 2 of the U.S. Constitution is inapplicable. This is based on how Plaintiff alleges various violations of the Federal Constitution together with State law Claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1331 in which Article III, Section 2 does of the U.S. Constitution does in fact, give the district Courts Original jurisdiction over all Civil rights actions. As such, Plaintiff should be allowed to proceed.

11

## RESPONSE TO FOURTH DEFENSE

44. The defendants assertion the Complaint should be dismissed, in whole or in part because Plaintiff failed to properly exhust his administrative remedies is misplaced. This is based on how there is no known Prison administrative remedy to the Plaintiff to exhust for this type of civil action alleging Constitutional violations against the local, County, and State Governments. As such, Plaintiff should be allowed to proceed.

## RESPONSE TO FIFTH DEFENSE

45. This line of defense by the defendants claiming the Complaint should be dismissed because service of process was improper or insufficient must fail. This is based on how the defendants acknowledge with the exception of not being able to object to any defects in service of process or summons they do retain all other defenses objections to the law suit or to the jurisdiction or venue of the court. As such, Plaintiff should be allowed to proceed.

## RESPONSE TO SIXTH DEFENSE

46. The defendants assertion the Complaint should be dismissed because the Court lacks Personal Jurisdiction over defendants is inapplicable under this Civil Rights Complaint 42 U.S.C. § 1983. This is based on how where the alleged acts and or omissions took place leading up to the filing of the law suit, the federal district Court of Delaware has Personal Jurisdiction over all people or businesses that are citizens of or do business in the State of Delaware. As Such, the Plaintiff should be allowed to proceed.

## RESPONSE TO SEVENTH DEFENSE

47. The defendants assertion the matter is in whole or in part time barred under the appropriate Statute of limitations, Should be denied. This is based on how Plaintiff timely filed his Civil rights action within the two year Statute of limitations applicable to 42. U.S.C. § 1983. As Such, Plaintiff Should be allowed to proceed.

## RESPONSE TO EIGHTH DEFENSE

48. The defendants assertion of a defense that Plaintiff's Claims Should be dismissed, because they are entitled to Official (judicial and/or Qualified) immunity is inapplicable to the Court Reporters as defendants under this Civil Rights Complaint. This is again based on how the U.S. Supreme Court held that Court Reporters Who are in a "ministerial function" unlike discrectionary are not entitled to absolute, judicial, or Qualified immunity When their Conduct Violates Clearly established Constitutional rights. See e.g. Hargrove v Riley, 100 F.Supp. 2d 1271 (2000), (Quoting) Antoine V Byers INC. 508 U.S. 429, 113 S.Ct. 2167, 124 Led. 2d 391 (1993).

## RESPONSE TO NINTH DEFENSE

49. The defendants assertion of a defense that the Claims Should be dismissed as they are barred by the doctrine of fact or issue Preclusion Where Plaintiff did not have a full and fair opportunity to litigate the Claim in the earlier Case is inapplicable See e.g. Allen V Curry, 449 U.S. at 95, 101 S.Ct. at 4115 (Citing Montana, 440 U.S. at 153 99 S.Ct. at 973). More over, the Party asserting Preclusion bears the burden of Showing With Clarity and Certainty What Was determine by the Prior Judgement by introducing a Sufficient record of those Proceedings So the Court can determine the issues validity Previously litigated

14

See e.g. UNITED STATES V. LASKY, 600 F2d 765, 769 (9th Cir.) Cert. denied 444 U.S. 979 100 S.Ct. 480, 62 L.ed.ed. 2d. 405 (1979). The inability to introduce a sufficient record of the prior proceedings wherein it is being alleged the defendants are liable for destroying same, makes it almost if not impossible for the defendants to maintain such broad defense of preclusion under this 42 U.S.C. § 1983 Civil rights Complaint.

WHEREFORE, Plaintiff request this Court to grant him the right to proceed on the merits of all Claims with the defendants having to pay all cost, including Plaintiff's attorney fees Pursuant to 42 U.S.C. § 1988.

                     *Henry R. Taylor, JR.*
                     Henry R. Taylor, JR.
                     S.B.I. # 00159444
                     Delaware Correctional
                     Center 1181 Paddock
                     Rd. Smyrna, DE. 19977

DATED: September 10, 2007

# CERTIFICATE OF SERVICE

I, Henry R. Taylor, JR. Certify that on the date shown below I served two copies of the original pleading by regular U.S. Mail on the following:

Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE. 19801

Henry R. Taylor, JR.
Henry R. Taylor, JR.
S.B.I #00159464
Delaware Correctional
Center Smyrna, DE.
19977

DATED: Setember 10, 2007

16

I/M Henry R Taylor, JR
SBI# 150464    UNIT 81
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



U.S. DISTRICT COURT
CLERK, 844 N. KING Street
Lock Box 18, Wilmington, DE

19801-3570