IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Henry R. Taylor, Jr.
Plaintiff.

v.

Kathleen D. Feldman, et.al
Defendants.

PLAINTIFF'S
FIRST REQUEST
FOR PRODUCTION
OF DOCUMENTS

JURY TRIAL DEMAND

CIVIL A. NO. 07-244-JJF

Pursuant to Federal Rule 34 of civil procedures and Rule 26.1(a) of the local Rules, Plaintiff request Defendant's Kathleen D. Feldman, Jeanne Cahill, Patrick O' Hare, Sharon Agnew, and James Fraizer within 30 days to produce for inspection the documents pertaining to this civil action.

### DEFINITIONS

As used herein the following terms shall have the following meanings:

The term "document" shall be given the broadest meaning contemplated by Rule 34 of the Federal Rules of civil procedure and shall include all kinds of writings (including but not limited to corrospondence, reports, internal memoranda, personal notes, writings, drawings, charts, photographs, phono records, tape recordings, computer printouts, and computer information, microfilm, and microfiche, and all other information, kept bywritten, electric, photographic, mechanicial or other means, however denominated.

FILED
DEC 14 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

## INSTRUCTIONS

The following instructions apply to this discovery Request:

1. In producing documents and other materials the defendant's are requested to furnish all documents or things in your possession, custody, control, regardless of whether such documents or materials are possessed directly by you or your agents, employees, represenatives or investigators.

2. If any requested document or thing cannot be produced in full produce it to the extent possible, indicating what document or portion of that document is being withheld and the reason that document is being withheld.

3. In producing documents, you are requested to produce the original of each document requested together with all non- identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be produced in lieu thereof and bound or stamped in the same manner as the original.

4. All documents shall be produced in the same order as they are kept or maintained. Documents attached to each other should not be seperated.

5. All documents shall be produced in the file, folder, envelope, or other container in which the documents are kept or maintained. If for any reason the container cannot be produced please produce copies of all labels or other identifying markings.

2

6. Request for each document mentioning discussing, relating or referring to a subject matter extends to each document that constitutes, contains, supports, modifies, contradicts, criticizes, concerns, describes, records, reports, reflects, relates to was prepared in in connection with, arrises from, or is or has been collected, recorded, by a present or former agent, represenative, officer, employee, attorney, board, committee or subcomittee, or any other person acting or purporting to act on your behalf in relation to the subject matter specified.

7. Documents should be produced in such fashion as to identify the department, branch, or office of any person in whose possession it was located, and where applicable, the natural person in whose possession it was found, and the business address of each documents custodian(s).

8. Documents not otherwise responsive to this Discovery Request shall be produced if such documents mention, discuss or refer to , or explain the documents which are called for by this Discovery Request or if such Documents are attached to Documents called for by this Discovery Request and constitute deposit slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

9. If a Document once existed and has subsequently been lost, or destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss.

10. If you claim the attorney clien privilege or any other privilege or work product protection for any document, with respect to that document:

3

(a) state the date of the document;
(b) identify each and every author of the document:
(c) identify each and every other person who prepared or Participated in the preparation of the document:
(d) identify each and every person who received the document;
(e) identify each and every person from whom the document was received;
(f) state the present location of the document and all copies thereof;
(g) identify each and every person having custody or control of document and all copies thereof; and
(h) provide sufficient further information concerning the document and the circumstances and general content thereof to explain the claim of privilege or protection and to permitt the adjudication of the property of the claim.

11. In producing documents and other materials responsive to these request, identify by paragraph and subparagraph the the request to which each produced document is responsive to more than one request, each request to which it is responsive should be identified.

12. If you do not have accurate information with respect to documents, please so state and give your best estmate as to the matter inquired about and identify each person you believe may have accurate information with respect thereto.

13. Unless otherwise stated, all interrogatories and documents request are applicable to the time period set forth in this request. see Definitions at H.

14. These request are continuing in nature, so that if responsive information or or documents come to your attention after your response, your answers should be supplemented appropriately in accordance with Rule 26(e) of the Federal Rules of civil procedure.

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1. Defendant's or their counsel are being asked to produce copies of all request ever made by any other local governmental agency for the court records from the time they were created on April 8,1985 leading up to the date the records are claimed to have been destroyed based on policy.

2. Produce any and all documents verifying the exact date, time if known, and place the records relevant to this civil action were destroyed.

3. Produce any and all Rules, regulations, the policies, practice and procedures governing the manner under which the court records were destroyed.

4. Produce any and all communications in any form between each named party as a defendant relating to the destruction of the court records relevant to Plaintiff's civil action prior to and following the destruction of court files.

5. Produce any and all documents with the name of any Defendant's that have been cited, involved in, or responsible for the loss or destruction of court files from the time of their employment to date as a person in a postion of the publics trust.

6. Produce copies of any complaints filed against any of the Defendant's as court reporters as well as all other Defendant's acting to serve the general public as an official currently pending.

7. Defendant's as court reporters or their counsel are ask to produce communications in any form with Defendant James Fraizer of the Delaware Public Archives as well as any other court official verifyinf the nature and consent under which the court records were destroyed.

5

8. Produce copies of all documents showing the name or names of persons within the judicial branch of the local governmental agency authorizing destruction of court records relevant to this civil action.

9. Produce documents verifying the persons place of employment within the judicial branch of the local governmental agency responsible for executing the policy claimed resulting in destruction of court records relevant to this civil action in question.

10. Produce a copy of the contract to provide services to the superior court of New Castle County involving all court Reporters during the years 1989- 2007.

11. Produce copies of any documents past and presents revealing any complaints before the review board subject to formal proceedings where there has been however slight any violations of the provisions of the Delaware Court Reporter code of Responsibility.

12. Provide a copy of the form for filing a complaint against court Reporters.

13. Produce copies of the "Request for Proposal" for court Reporting services published during the years 2002- 2007.

14. Produce a copy of any and all court issued memorandum relating to the destruction of the court files or any other documents relevant to this civil action.

15. Produce copies of documents relating to any steps taken to recover or make up for the loss or destruction of court files relevant to this civil action.

16. Produce documents of any and all reliable, secondary or substitute evidence so as to possibly reconstruct the court records of the proceedings relevant to this civil action.

17. Produce documents verifying each named defendants involvement in the loss or destruction of court files from the time of their employment as court Reporters or otherwise over the past twenty years to date.

18.

Dated: 12/10/07

Henry R. Taylor, Jr.
Delaware Correctional
Center 1181 Paddock Road
19977

6

## Certificate of Service

I, <u>Henry R. Taylor, Jr.</u>, hereby certify that I have served a true

And correct cop(ies) of the attached: <u>Plaintiff's First Request For the Production</u>

<u>Of Documents Civil Action No. 07-244-JJF</u> upon the following

parties/person (s):

TO: <u>United States District court</u>

<u>Of Delaware 844 King Street</u>

<u>Wilmington, Del. 19801</u>

TO: <u>Marc P. Niee dzieski</u>

<u>(216) Deputy Attorney General</u>

<u>Department Of Justice 820 N.</u>

<u>French Street Wilmington, Del.</u>

<u>19802</u>

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this <u>10th</u> day of <u>December</u>, 200<u>7</u>

<u>Henry R. Taylor, Jr.</u>



MR. Henry R. Taylor JR. S-I 159464
Delaware Correction.
Center 1181 Paddock
Road Smyrna DE 19977

Delaware District Court
Clerk of The U.S. District
Court U.S. Courthouse
844 N. King Street
Wilm, DE 19801

USPS $00.58 DEC 12 2007
MAILED FROM ZIP CODE 19977

2007 DEC 14 PM 3:49
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE