IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HENRY R. TAYLOR,                         :
                                         :
         Plaintiff,                      :
                                         :
    v.                                   : Civil Action No. 07-244-JJF
                                         :
KATHLEEN D. FELDMAN, JEANNE K.           :
CAHILL, PATRICK J. O'HARE,               :
SHARON AGNEW, and JAMES FRAZIER          :
                                         :
         Defendants.                     :

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Motion for Appointment of Counsel (D.I. 21). For the reasons discussed, the Motion will be denied.

**I.   BACKGROUND**

Pro se Plaintiff, Henry R. Taylor, Jr. ("Mr. Taylor"), is currently an inmate at the Delaware Correctional Center ("D.C.C.") in Smyrna, Delaware. On May 3, 2007, Mr. Taylor filed his Complaint under 42 U.S.C. § 1983, contending that Defendants' failure to retain certain court files violated his court access, property, due process and equal protection rights under the Delaware Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Mr. Taylor specifically contends that between the years of 1998 and 2005 both he and his relatives, acting on his behalf, made several failed attempts to obtain court records from an April 8, 1985 plea proceeding. These records were destroyed per the policy of the Delaware Superior Court, which only retains certain criminal notes for a

period of twenty years. (D.I. 2 at Exh. 17). However, Mr. Taylor contends he attempted to obtain the records prior to April 8, 2005, and was misled by Defendants during these attempts. As a result of Defendants' alleged misrepresentations, Mr. Taylor contends he was prevented from obtaining court records necessary to support a legal claim.

By his August 28, 2007 Motion for the Appointment of Counsel, Mr. Taylor contends that he is unable to afford counsel, and has made repeated efforts to obtain counsel on a pro bono and reduced fee basis. Mr. Taylor further contends that he has limited access to the prison library, and that counsel is better able to conduct factual investigations, present evidence, and cross-examine witnesses.

## II. DISCUSSION

Indigent civil litigants have neither a constitutional nor a statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, district courts have authority to appoint representation for any civil litigant unable to afford counsel, 28 U.S.C. § 1915(e)(1), and are afforded broad discretion in making that determination. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The Court must first consider whether the indigent plaintiff's claim appears to have "some merit in fact and law." Id. at 155 (citing Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)(per curiam)). If so, the Court may

consider the following non-exhaustive factors in deciding whether to appoint counsel:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Tabron, 6 F.3d at 155-57)(the "Tabron factors"). In addition, the Court should consider practical constraints before appointing counsel: "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation." Tabron, 6 F.3d at 157.

The Court concludes that the appointment of counsel is not warranted at this time. The Court assumes, solely for the purposes of deciding this Motion, that Plaintiff's claims have arguable merit, and will therefore consider the Tabron factors. Two of the Tabron factors favor appointment of counsel. First, Mr. Taylor is unable to afford legal counsel as he proceeds *in forma pauperis*, and he has unsuccessfully sought pro bono legal assistance. Second, this case may involve credibility

3

determinations of the parties.

However, the majority of the <u>Tabron</u> factors do not support appointment of counsel. Mr. Taylor has demonstrated an ability to present his own case: he has made several filings on his own, thus demonstrating some knowledge of the legal system, and these filings have been coherent and comprehensible. Further, the allegations in Mr. Taylor's Complaint do not appear to involve complex legal issues. Because the Court finds it unlikely that complicated discovery will be necessary, Mr. Taylor should also be able to pursue an adequate factual investigation despite his confinement. Additionally, it is unlikely that expert testimony will be required in this action. Accordingly, the Court exercises its discretion and concludes that the overall weight of the factors do not favor appointment of counsel at this time.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Appointment Of Counsel (D.I. 21) is **DENIED**.

February 6, 2008

*[signature]*
UNITED STATES DISTRICT JUDGE