2 6 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HENRY R. TAYLOR, JR.
PRO SE   PLAINTIFF.

V.                                        Civil A. No. 07-244
                                          07-224 JJF

KATHLEEN D. FELDMAN et. al.,

## NOTICE OF APPEAL

Notice is hereby given that plaintiff Henry R. Taylor Jr. moves to appeal to the United States Court of Appeals for the Third Circuit from attached order entered on this action on February 1, 2008

HENRY R. TAYLOR, JR.
Delaware Correctional center
1181 Paddock Road Smyrna, DE.
19977

Dated: 2-15- 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HENRY R. TAYLOR, JR. | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : Civ. Action No. 07-244-JJF |
| | : |
| KATHLEEN D. FELDMAN, JEANNE K. | : |
| CAHILL, PATRICK J. O'HARE, | : |
| SHARON AGNEW, and JAMES | : |
| FRAZIER, | : |
| | : |
|     Defendants. | : |

## MEMORANDUM ORDER

### I. BACKGROUND

Plaintiff Harry R. Taylor, Jr. ("Plaintiff"), an inmate at the Delaware Correctional Center filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.) Plaintiff alleges violations of his constitutional rights to access the courts and due process, and violations of the Delaware constitution and Delaware laws. More specifically, he alleges that Defendants Kathleen D. Feldman, Jeanne K. Cahill, and Patrick J. O'Hare, all court reporters within a local government entity, failed to retain and/or destroyed court files. He makes the same allegations against Defendants Sharon Agnew and James Frazier. The Superior Court of Delaware, New Castle County ("Superior Court") was also named as a defendant, but it was dismissed from this case on June 18, 2007 by reason of its Eleventh Amendment immunity. (D.I. 7, 8.)

Now before the Court are Plaintiff's Motion For Extension Of Time to file a response to Defendants' Answer (D.I. 19) and Motion For Leave To File An Amended Complaint (D.I. 23).

## II.  MOTION FOR EXTENSION OF TIME

The Court will deny as moot Plaintiff's Motion For Extension Of Time to file a response to Defendants' Answer. (D.I. 19.) Plaintiff filed a response to Defendants' Answer on September 11, 2007, even though it was not necessary. (D.I. 24.)

## III.  MOTION TO AMEND

Plaintiff moves to amend his Complaint to add as a defendant the Attorney General for the State of Delaware, Beau Biden ("Attorney General"). The motion indicates that the Attorney General will be sued in his individual and official capacity. Plaintiff states that he has discovered a sufficient close nexus between local, county, and state governments and the challenged action of Defendants as outlined in the original Complaint.

Plaintiff also asks the Court to reinstate the previously dismissed claim against the Superior Court. He argues that a New Castle County local government entity is a person within the meaning of 42 U.S.C. § 1983 and, therefore, the Superior Court should not have been dismissed from the proceedings.

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given

when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted).

Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990).

The Court will deny the Motion To Amend on the basis of futility. Plaintiff provides no facts to support his claim

-3-

against the Attorney General. Indeed, it appears that he wishes to name the Attorney General as a defendant based upon his supervisory position. It is well-established that supervisory liability cannot be imposed under 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

Finally, Plaintiff moves to reinstate the Superior Court as a defendant arguing that the Superior Court should be included in the definition of persons subject to liability under § 1983. Plaintiff's position is contrary to settled law. The Superior Court is not a person for purposes of a § 1983 action and, in any event, it is entitled to sovereign immunity. Malarik v. Court of Common Pleas of Beaver County, Pennsylvania, No. 05-1069, 145 Fed. Appx. 756, 757 (3d Cir. 2005). It will not be reinstated as a defendant.

Plaintiff proposes to amend his Complaint to add a claim that is not cognizable under § 1983 and to reinstate a previously dismissed Defendant. There is futility of amendment and, therefore, the Court will deny the Motion.

IV. CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED this ___ day of February, 2008, that:

1. The Motion For An Extension Of Time (D.I. 19) is **DENIED**

as **moot**.

    2.   The Motion To Amend (D.I. 23) is **DENIED** as amendment would be futile.

                                                        /s/ Joseph J. Farnan
                                            UNITED STATES DISTRICT JUDGE

# Certificate of Service

I, Henry R. Toxlor, hereby certify that I have served a true And correct cop(ies) of the attached: Notice of Appeal _____ upon the following parties/person (s):

TO: Marc P. Niedzielski
Dept Attorney General
820 N French St.
Wilm, De. 19801

TO: _____

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 15th day of February, 2008

Henry R. Toxlor



FM: Henry Taylor JR
SBI# 159464 UNIT S1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



U.S. Dist Court Clerk
844 King Street
Lock Box 18 Wilmington,
DE, 19801