IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HENRY R. TAYLOR, JR.,
Pro se PETITIONER.

C. A. NO. 07-244 JJF

v.

KATHLEEN D. FELDMAN et. al.,

FILED
FEB 26 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MOTION FOR CERTIFICATION OF AN INTERLOCTORY
ORDER PURSUANT TO SECTION 28 U.S.C. 1292(b)

Petitioner, hereby moves this Honorable Court in the continued exercise of its judicial function for an order certifying an interloctory appeal to the U.S.Third Circuit Court of Appeals from its February 1, 2008 order for the following reasons:

1. As already determined by this court the order in question involves a "controlling question of well settled law".

2. However, Petitioner maintains there is a substantial ground for difference of opinion under which an immediate appeal from the intrloctory order may materially advance the ultimate termination of the litigation.

3. Specificially, the substantial question or ground for difference of opinion is concerning whether the acts of government employees in executing the governmental policy resulting in destruction of court files renders the local county government as a municipality within the definition of "persons" subject to liability under Section 1983. See e.g. Monell v. Dept. of Social Services, 436 U.S. 690 (1978).

For further clarification on petetioner's request for certification also See e.g. Natale v. Camden County Correctional Facility, 318 F.3d 575, 584 (3rd Cir, 2003), Wherein one of the 3 situations identified by the third circuit court of Appeals when the wrongs committed by governmental employees involving policy as the moving fprce behind the constitutional violation makes the municipality, city, town, or county liable under Sec. 1983.

For a U.S. Supreme Court authority on the topic of municipality or county liability pursuant to Sec. 1983 See e.g. Will v. Michigan Dept Of state Police, U.S. 491 U.S. 58, 2304 (1989), While the court held that neither state nor its officials acting in their official capacities were "persons" liable under sec. 1983. The Court held to its previous decision in Monell under which makes a county or municipality subject to liability as a "person" under Sec. 1983. when the wrongful acts of its government employees involves policy resulting in a constitutional violation. See e.g. Long v. County Of LosAngeles, 442 F2d 1187 (2006).

The Petitioner's postion as he stands to be corrected at pro-se status is that based on this "controlling question of well settled law" involving the difference of opinion should compel the court to certify an interloctory order pursuant to 28 U.S.C. Sec. 1292 (b).

As such, the court lacks discrection to have rejected the amended complaint on the basis of futility. See e.g. Williams v. Board Regents, 441 F.3d 1287 (11th cir. 2006).

Finally, the failure to grant an immediate appeal would forever forclose the right to appeal resulting in prejudice to the petitioner.

### CONCLUSION

For the reasons outlined herein the petitioner respectfully requests that this honorable court certify an interloctory appeal.

*Henry R. Taylor, Jr.*
Henry R. Taylor Jr.
Del. Corr. Center
1181 Paddock Rd. Smyrna,
Del. 19977

Dated: 2/19/08

# Certificate of Service

I, __Henry R. Taylor Jr.__ , hereby certify that I have served a true

And correct cop(ies) of the attached: __interloctory Appeal__

__Marc P. Niedzielski__ upon the following

parties/person (s):

TO: __Deputy Attorney General__             TO: _____

__820 N. French St.__
__Civil Division Wilmington, DE.__

__19801__


TO: _____                            TO: _____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __19th__ day of __February__ ,200 __8__