IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HENRY R. TAYLOR, JR.,                :
                                     :
            Plaintiff,               :
                                     :
     v.                              : Civil Action No. 07-244-JJF
                                     :
KATHLEEN D. FELDMAN, JEANNE K.       :
CAHILL, PATRICK J. O'HARE,           :
SHARON AGNEW, and JAMES FRAZIER      :
                                     :
            Defendants.              :

Henry R. Taylor, Jr., Pro Se Plaintiff, Delaware Correctional Center

Marc P. Niedzielski, Esquire, of DEPARTMENT OF JUSTICE, CIVIL DIVISION, Wilmington, Delaware.
Attorney for Defendants.

**MEMORANDUM OPINION**

April 16, 2008
Wilmington, Delaware.

Farnan, District Judge

  Pending before the Court are Plaintiff Henry R. Taylor, Jr.'s Motion for Reconsideration of Appointment of Counsel (D.I. 35) and Motion for Certification of an Interlocutory Order Pursuant to 28 U.S.C. § 1292(b) (D.I. 37). For the reasons discussed, both Motions will be denied.

I.   BACKGROUND

  <u>Pro se</u> Plaintiff, Henry R. Taylor, Jr. ("Mr. Taylor"), is currently an inmate at the Delaware Correctional Center ("D.C.C.") in Smyrna, Delaware. On May 3, 2007, Mr. Taylor filed his Complaint under 42 U.S.C. § 1983, contending that Defendants' failure to retain certain court files violated his court access, property, due process and equal protection rights under the Delaware Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Mr. Taylor specifically contends that between the years of 1998 and 2005 both he and his relatives, acting on his behalf, made several failed attempts to obtain court records from an April 8, 1985 plea proceeding. These records were destroyed per the policy of the Delaware Superior Court, which only retains certain criminal notes for a period of twenty years. (D.I. 2 at Exh. 17). However, Mr. Taylor contends he attempted to obtain the records prior to April 8, 2005, and was misled by Defendants during these attempts. As a

2

result of Defendants' alleged misrepresentations, Mr. Taylor contends he was prevented from obtaining court records necessary to support a legal claim.

Mr. Taylor's initial Motion for Appointment of Counsel was denied on February 6, 2008, (D.I. 34); he filed a Motion for Reconsideration of Appointment of Counsel ("Motion for Reconsideration") on February 21, 2006 (D.I 35). Mr. Taylor's Motion for Leave to File an Amended Complaint was denied on February 1, 2008, (D.I 33); he filed a Motion for Certification of an Interlocutory Order Pursuant to 28 U.S.C. § 1292(b) ("Motion for Certification") on February 26, 2008 (D.I. 37).

## II.  DISCUSSION

### A.  Motion for Reconsideration of Appointment of Counsel

District courts are permitted to request representation for civil litigants unable to afford counsel, 28 U.S.C. § 1915(e)(1). If there is merit to the pro se plaintiff's claim, the Court may consider the factors discussed in Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). In addition, the Court must consider practical constraints before requesting attorneys to represent indigent plaintiffs because "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation." Tabron, 6 F.3d at 157.

By his Motion for Reconsideration, Mr. Taylor contends that the Court incorrectly denied his original Motion for Appointment of Counsel because: 1) the facts of his case are almost identical to the facts presented in Colston v. Correctional Med. Services, No. 06-4247, 2007 WL 4239966 (3d Cir. 2007), in which the Third Circuit reversed a district court's denial of appointment of counsel; 2) his confinement puts him at a disadvantage in investigating the multiple defendants; and 3) he is inexperienced with the complex discovery rules. (D.I. 35.)

"The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). In denying Mr. Taylor's Motion for Appointment of Counsel, the Court analyzed the Tabron factors and found that the lawsuit did not involve complex legal issues, that complicated discovery was not needed, and that Mr. Taylor's confinement would not prevent him from pursuing an adequate investigation. (D.I. 34 at 4.) Mr. Taylor has not alleged any change in his circumstances during the approximately three weeks between the Court's denial of appointment of counsel and the filing of his Motion for Reconsideration, nor has he made any specific allegations to persuade the Court that its original findings were incorrect. Further, Mr. Taylor's Motion for Reconsideration contains a competent statement of relevant case law and demonstrates an

awareness of civil procedure, thus distinguishing his case from Colston and supporting the Court's conclusion that appointment of counsel remains unnecessary. Accordingly, the Court concludes that reconsideration of its order denying the appointment of counsel is not warranted, and Mr. Taylor's Motion for Reconsideration of Appointment of Counsel will be denied.

   B.  Motion for Certification of an Interlocutory Appeal Order Pursuant to 28 U.S.C. § 1292(b)

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if: 1) the application for certification is made within 10 days of the entry of the order sought to be appealed; 2) the order sought to be appealed involves a controlling question of law; 3) there is substantial ground for difference of opinion regarding the order; and 4) immediate appeal of the order may materially advance the ultimate termination of the litigation. Chase Manhattan Bank v. Iridium Africa Corporation, 324 F. Supp. 2d 540, 545 (D. Del. 2004)(citing 28 U.S.C. § 1292(b)).

By his Motion for Certification, Mr. Taylor contends that the Court should certify for interlocutory appeal the February 1, 2008 Memorandum Order which denied his Motion for Leave to File an Amended Complaint on the grounds of futility. (D.I. 37.) Mr. Taylor had sought to amend his complaint in order to reinstate a previously dismissed claim against the Delaware Superior Court brought under 42 U.S.C. §1983. He contends that there is a

5

substantial ground for difference of opinion as to whether the acts of government employees in executing governmental policy render the local county government a "person" within the meaning of 28 U.S.C. §1983.  He further contends that this is a controlling question of law and that an interlocutory appeal would materially advance the litigation.

   The Court concludes that Mr. Taylor's Motion for Certification was not filed within the statutory time limitation.  The Memorandum Order denying permission to amend the complaint was issued on February 1, 2008.  However, the Motion for Certification was not filed until February 26, 2008, and was thus beyond the ten day period.  Accordingly, Mr. Taylor's Motion for Certification of an Interlocutory Order Pursuant to 28 U.S.C. § 1292(b) will be denied.