Mr Henry R Taylor JR

June 27, 2008
Marc P Niedzielski
Department of Justice
Civil Division 820
N. French Street
Wilmington, DE 19802

RE: Taylor v Feldman et al.,
    CA No 07-244-JJF

Dear Mr Niedzielski:

Please allow this to serve as a supplemental response to the defendants request for production of documents. With respect to document request No. 7 I am providing) attaching the information.

Thanking you in advance

Sincerely,
Henry R Taylor JR



FILED
JUL 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
)
)
v. ) ID: 30903471DI
)
)
Henry Taylor, Jr. )

FILED PROTHONOTARY
1998 JUL 31 PM 12: 35

**ORDER**

This __29th__ day of __July__, 1998, upon consideration of defendant's motion for reduction/modification of sentence, the presentence report/prior record, and the sentence imposed upon the defendant;

**NOW, THEREFORE, IT IS ORDERED** that defendant's motion for reduction/modification of sentence is DENIED for the following reason(s):

- ☐ The sentence in this case was imposed pursuant to a Plea Agreement between the State and the defendant and signed by the defendant. Superior Court Criminal Rule 11(e)(1)(c).

- ☒ The motion was filed more than 90 days after imposition of the sentence and is, therefore, time-barred. The Court does not find the existence of any extraordinary circumstances. *See: Winn v. State, Del. Supr., No. 521, 1997, Veasey, C.J. (July 16, 1998) (ORDER).*

- ☐ Pursuant to Superior Court Criminal Rule 35(b), the court will not consider repetitive requests for reduction or modification of sentence.

- ☐ The sentence imposed is mandatory and cannot be reduced or suspended.

- ☐ The sentence was imposed after a violation-of-probation hearing was held, and the Court determined the defendant had violated the terms of his probation. The defendant is not amenable to probation at this time.

- ☐ The sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court which would warrant a reduction or modification of this sentence.

- ☒ Other: *Even considering the motion on the merits, the motion lacks merit. See Tolson v. State, Del. Supr., No. 264, 1997, Holland, J. (Apr. 9, 1998) (ORDER); Saunders v. State, Del. Supr., 401 A.2d 629 (1979), cert. denied 449 U.S. 845 (1980).*

Judge _[signature]_

oc: Prothonotary
pc: Defendant - DCC
Department of Justice
Presentence

c:\office\wpwin\wpdocs\rule35\rule35.frm
11/20/97

Ex. C

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HENRY R. TAYLOR, JR., § | |
| § | |
| Defendant Below, § | |
| Appellant, § No. 359, 1998 | |
| § | |
| v. § Court Below: Superior Court | |
| § of the State of Delaware in and | |
| STATE OF DELAWARE, § for New Castle County | |
| § Cr.A. No. 89-06-0083 | |
| Plaintiff Below, § | |
| Appellee. § | |

Submitted: February 11, 1999
Decided:  February 23, 1999

Before WALSH, HOLLAND, and HARTNETT, Justices.

ORDER

This 23rd day of February 1999, upon consideration of the briefs of the parties, we conclude that this appeal should be affirmed on the basis of, and for the reasons set forth in, the well-reasoned decision of the Superior Court dated July 29, 1998.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.

BY THE COURT:

Ex.D

_____
Justice

SUPERIOR COURT
OF THE
STATE OF DELAWARE

PEGGY L. ABLEMAN
JUDGE

August 7, 2001

DANIEL L. HERRMANN COURT HOUSE
WILMINGTON, DE 19801
(302) 577-2400 EXT. 221

Mr. Henry R. Taylor, Jr.
SBI#159464
Delaware Correctional Center
Smyrna, DE 19977

    RE: State v. Henry R. Taylor, Jr.
        ID No. 30903471DI

Dear Mr. Taylor:

    I have received your motion for postconviction relief,[1] as well as supplemental motions for appointment of counsel and for an evidentiary hearing. Having reviewed your motion, as well as the record of the proceedings, I conclude that you are not entitled to relief.

    As you know, a Superior Court jury found you guilty of Burglary Second Degree on September 6, 1989. On the State's motion, this Court declared you a habitual offender[2] based on two prior burglary convictions and sentenced you to life imprisonment. The Delaware Supreme Court affirmed.[3] In 1994, you filed a postconviction relief motion in which you raised claims of ineffective assistance of counsel and *Brady*[4] violations. This Court denied your motion, and the Supreme Court affirmed.[5]

---

[1] *See* Super. Ct. Crim. R. 61, subsequently referred to as "Rule 61."

[2] *See* 11 *Del. C.* § 4214(b).

[3] *Taylor v. State*, Del. Supr., No. 500, 1989, Christie, C.J. (March 17, 1991) (ORDER).

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

[5] *State v. Taylor*, Del. Super., Cr. A. No. IN89-06-0083, Barron, J. (June 13, 1994) (ORDER), aff'd, Del. Supr., No. 265, 1994 (Dec. 28, 1994)(ORDER).

Ex. E

Mr. Henry R. Taylor, Jr.
August 7, 2001
Page 2

You have now filed a second postconviction relief motion, as well as supplemental motions, as discussed below.

**Motion for appointment of counsel.** As grounds for appointment of counsel, you make the following arguments: (1) complexity of the issues; (2) conservative nature of the Superior Court; (3) defense counsel's lack of experience; and (4) unfair trial because judicial system was trying to clear its docket.

There is no constitutional right to counsel in a collateral proceeding such as a postconviction motion.[6] Under Rule 61(e)(1), this Court may appoint counsel "for an indigent movant only in the exercise of discretion and for good cause shown, but not otherwise."[7]

The Court has reviewed the issues you raise as grounds for your motion for postconviction relief and finds that they are not so complex as to require representation. As to the remaining arguments, you have not offered any supporting facts sufficient to show good cause for appointment of counsel, pursuant to Rule 61(e). Your motion for appointment of counsel is therefore ***Denied.***

**Motion for evidentiary hearing.** You seek an evidentiary hearing to explore your contention that the statement made by your co-defendant Daniel Holt was elicited through police coercion. As discussed more fully below, this contention was adjudicated in your first postconviction relief motion and will not be relitigated in this proceeding.[8] Having considered the motion, as well as the record of your case, the Court concludes that a hearing pursuant to Rule

---

[6]*Sanders v. State,* Del. Supr., No. 520, 1996, Hartnett, J. (Feb. 10, 1997) (ORDER) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) (holding that the constitutional right to counsel does not extend to collateral attacks on convictions)).
[7]*See, e.g., State v. Gordon,* Del. Super., Cr. A. No. IN93011412, Herlihy, J. (April 22, 1997) (Mem.Op.) (denying motion for appointment of counsel in postconviction proceeding despite defendant's history of mental illness); *Bilinski v. State,* Del. Supr., No. 248, 1989, Christie, C.J. (April 3, 1990)(ORDER) (noting that Superior Court appointed counsel for defendant's postconviction proceeding because of complexity of issues).
[8]*See Younger v. State,* Del. Supr., 580 A.2d 552, 556 (1990).

Mr. Henry R. Taylor, Jr.
August 7, 2001
Page 3

61(h) is not warranted. Your motion for an evidentiary hearing is therefore ***Denied.***

**Motion for postconviction relief.** When addressing a motion for postconviction relief, this Court must first apply the procedural bars of Rule 61(i) before considering the merits of the individual claims.[9] As emphasized by the Delaware Supreme Court, a postconviction proceeding under Rule 61 is a collateral attack on a final conviction,[10] but it is not a substitute for a direct appeal.[11]

Your motion is controlled by the time limitation provision of Rule 61(i)(1), which bars consideration of any postconviction relief motion that is filed more than three years after the judgment of conviction is final.[12] Your conviction was final on May 15, 1991, when the Delaware Supreme Court issued its mandate affirming your conviction and sentence.[13] The instant motion was filed with the Prothonotary on July 11, 2001, and is therefore time-barred. Your motion is also barred by Rule 61(i)(2), which provides that repetitive postconviction relief motions will not be considered.[14]

---

[9] *Younger v. State*, Del. Supr., 585 A.2d 736, 745 (1990) (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)).

[10] *Mason v. State*, Del. Supr., No. 203, 1998, Holland, J. (Feb. 11, 1999) (ORDER) (citing *Curran v. Wooley*, Del. Super., 101 A.2d 303, 307, *aff'd*, Del. Supr., 104 A.2d 771 (1954)).

[11] *See, e.g., Younger v. State*, 580 A.2d at 554 (citing *Teague v. Lane*, 489 U.S. 288, 297-99 (1989).

[12] Rule 61(i)(1) provides as follows:
> Time limitation. A motion for postconviction relief may not be filed more than three years after the judgment of conviction is final, or if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than three years after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.
"See Rule 61(m)(2).

[14] Rule 61(i)(2) provides as follows:
> Repetitive motion. Any ground for relief that was not asserted in a prior postconviction proceeding, as required by subdivision (b)(2) of this rule, is thereafter barred, unless consideration of the claim is warranted in the

Mr. Henry R. Taylor, Jr.
August 7, 2001
Page 4

You attempt to avoid the procedural bars by framing your issues as instances of ineffectiveness of counsel. To prevail on such a claim, you must show first that counsel's representation fell below an objective standard of reasonableness.[15] Second, you must show actual prejudice, that is, that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different.[16] In so doing, you must overcome the "strong presumption that counsel's conduct was professionally reasonable."[17] You must also support your claims with concrete allegations of actual prejudice, or risk summary dismissal.[18]

You assert the following claims of ineffectiveness: (1) failure to object to the State's knowing use of perjured testimony of your co-defendant, Daniel Holt; (2) failure to effectively cross-examine the police officer who took Holt's statement; (3) failure to raise certain issues about your alibi witness, Diane Seeney; (4) failure to object to the introduction of evidence of your recreational drug use with Daniel Holt; (5) failure to object to admission of Holt's statements about you; and (6) failure to provide professionally reasonable representation during trial and the appellate process.[19]

Your first, second and fifth grounds for relief pertain to statements made by your co-defendant, Daniel Holt, who pled guilty to the burglary charges and who testified against you at trial. The assertions you make in Ground 1 and Ground 5 boil down to a single claim that Holt's statement was coerced. In

---

interest of justice.
To trigger the interest of justice exception, a defendant must show that the trial court lacked the authority to convict or punish him. *Flamer v. State*, Del. Supr., 585 A.2d 736, 746 (1990). No such showing has been made in the instant motion.
[15]*Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[16]*Id.* at 694.
[17]*Albury v. State*, Del. Supr., 551 A.2d at 59 (citing *Strickland v. Washington*, 466 U.S. at 689).
[18]*Younger v. State*, 580 A.2d at 556.
[19]In your supplemental letter to the Court, dated July 30, 2001, you argue that defense counsel's lack of experience at the bar resulted in her failure to make objections and failure to "file necessary motions and apply the well established Delaware law" to your case. However, you offer no supporting facts for these contentions, and have not met either prong of the *Strickland* test for ineffective assistance of counsel.

Mr. Henry R. Taylor, Jr.
August 7, 2001
Page 5

Ground 2, you assert that the defense was prevented from effective cross-examination of the officer who took the statement. You raised the same claims in your first postconviction relief motion, although you have attempted to cast them in different terms. Claims that have been previously adjudicated are barred from further consideration,[20] and a defendant is not entitled to have a court reexamine an issue that has been previously adjudicated simply because the claim is refined or restated.[21] As the Delaware Supreme Court has said in a similar context, "[t]here must be an end to litigation at some point."[22] The Court will not revisit the issue of your co-defendant's testimony or out-of-court statements.

Your third contention is that defense counsel was ineffective for indicating in her opening statement that you had an alibi witness. The record shows that Diane Seeney, your then-fiancé and your sole witness at trial, testified that you spent the early part of the evening of the crime at her home but did not know your whereabouts at the time of the burglary. Thus, you are correct that Ms. Seeney did not provide you with an airtight alibi. However, to prevail on this claim, you must show that but for counsel's errors, the result of the proceedings would have been different. Ms. Seeney did not implicate you in the crime, and her testimony had little bearing on the case one way or the other. In light of Daniel Holt's testimony against you, the Court finds that the

---

[20] Rule 61(i)(4) provides as follows:
    Former adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration is warranted in the interest of justice.
To trigger the interest of justice exception, a defendant must show that the trial court lacked the authority to convict or punish him. *Flamer v. State*, Del. Supr., 585 A.2d 736, 746 (1990). No such showing has been made in the instant motion.

[21] *Skinner v. State*, Del. Supr., 607 A.2d 1170, 1172 (1992) (citing *Riley v. State*, Del. Supr., 585 A.2d 719, 721 (1990)).

[22] *Teagle v. State*, Del. Supr., No. 282, 1988, Walsh, J. (Jan. 18, 1989) (ORDER) (quoting *Blankenship v. State*, Del. Supr., No. 82, 1983, Christie, C.J. (Sept. 19, 1984) (ORDER)).

Mr. Henry R. Taylor, Jr.
August 7, 2001
Page 6

evidence presented by Seeney did not bear upon your guilty verdict. Furthermore, although you assert that counsel failed to produce exculpatory evidence, you stop short of identifying any such evidence. The Court concludes that this claim has no merit.

Your fourth claim is that defense counsel was ineffective for failing to object to your co-defendant's testimony about your drug use. In fact, counsel did request a limiting instruction on this evidence, which was given by the trial judge at the start of the second day of trial.[23] The trial court, after considering the *Getz*[24] factors for admission of evidence of other crimes or bad acts, properly found this testimony relevant and admissible to show a motive for the burglary and instructed the jury accordingly.[25] This claim has no merit.

Your sixth claim is that both trial counsel and appellate counsel were constitutionally ineffective throughout the proceedings. As to trial counsel, this claim appears to be a summation of the previous five claims and warrants no further discussion.[26] As to appellate counsel, you allege a failure to adequately represent your claims of ineffective assistance of counsel. The record shows otherwise. The Order affirming your conviction discusses your contention that the trial judge's denial of your motion for a continuance forced you to go to trial with an ineffective attorney.[27] It is clear that appellate counsel framed this issue around the motion for a continuance but that the underlying issue was counsel's alleged ineffectiveness. Because claims of ineffective assistance of counsel will not be heard on direct appeal,[28] appellate counsel cannot be said to be ineffective for not raising the issue. This claim has no merit.

---

[23]*See* Transcript of the Trial (9/6/89) at 5-6.
[24]*See Getz v. State,* Del. Supr., 538 A.2d 726 (1988).
   "*Howard v. State*, Del. Supr., 549 A.2d 692 (1988) (holding that testimonial evidence of defendant's prior drug use was admissible under D.R.E. 403 and D.R.E. 404(b) to show motive for a charged offense where the trial judge properly weighed prejudice against materiality and instructed jury to consider the evidence only for the appropriate purpose).

[26]*See Younger v. State*, 580 A.2d at 556 (holding that conclusory allegations are legally insufficient to prove ineffective assistance of counsel).
[27]*See Taylor v. State*, No. 500, 1989, Order at 2-3.
[28]
*Duross v. State*, Del. Supr., 494 A.2d 1265, 1267-69 (1985).

Mr. Henry R. Taylor, Jr.
August 7, 2001
Page 7

Having carefully reviewed your motion, as well as the record of the proceedings, I conclude that you have not met the standard for ineffective assistance of counsel and therefore have not overcome the procedural bars which are applicable to your case. For this reason, your motion for postconviction relief is hereby *Denied.*

*IT IS SO ORDERED.*

Yours very truly,

*Peggy L. Ableman*

Peggy L. Ableman
Judge

PLA:rmp
cc: Prothonotary
    Attorney General's Office

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HENRY R. TAYLOR, JR., | § |
| | § |
| Defendant Below- | § No. 406, 2001 |
| Appellant, | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware, |
| STATE OF DELAWARE, | § in and for New Castle County |
| | § Cr.A. No. IN89-06-0083 |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: March 15, 2002
Decided: April 17, 2002

Before **VEASEY**, Chief Justice, **WALSH** and **HOLLAND**, Justices

## ORDER

This 17th day of April 2002, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1) The defendant-appellant, Henry R. Taylor, Jr., filed this appeal from the August 7, 2001 order of the Superior Court denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we AFFIRM.

(2) In his appeal, Taylor claims that: a) the Superior Court abused its discretion by failing to rule appropriately on all of the claims in his Rule 61 motion and by denying his motion for postconviction relief without an

Ex. F

two claims Taylor sought to add to his complaint,[5] those claims had already been adjudicated[6] and, to the extent the Superior Court erroneously failed to address them, such error was harmless. The record further reflects that Taylor's remaining claims were addressed appropriately by the Superior Court and, moreover, that the Superior Court was within its discretion to rule on Taylor's postconviction motion without an evidentiary hearing.[7]

(5)  The Superior Court was also clearly correct in determining that Taylor's claims of ineffective assistance of counsel are procedurally barred. Not only are the claims barred because they were asserted beyond the 3-year period permitted under Rule 61,[8] they are also barred because they either were not raised in Taylor's previous postconviction motions[9] or were

---

[5]Taylor claimed that he was denied an evidentiary hearing on his habitual offender status and his plea colloquy was defective.

[6]*Taylor v. State*, Del. Supr., No. 359, 1998, Walsh, J. (Feb. 23, 1999); SUPER. CT. CRIM. R. 61(i) (4).

[7]SUPER. CT. CRIM. R. 61(h) (1) and (3).

[8]SUPER. CT. CRIM. R. 61(i) (1). The mandate was issued in May 1991 and Taylor's motion for postconviction relief was not filed until June 2001.

[9]SUPER. CT. CRIM. R. 61(i) (2).

EFiled: Jun 2 2008 3:41PM EDT
Filing ID 20065990
Case Number 421,2007

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HENRY R. TAYLOR, JR., | § | |
| | § | No. 421, 2007 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 30903471DI |
| Appellee. | § | |

Submitted: March 14, 2008
Decided:  June 2, 2008

Before **STEELE,** Chief Justice, **JACOBS** and **RIDGELY,** Justices.

## O R D E R

This 2nd day of June 2008, upon consideration of the briefs on appeal and the Superior Court record, we conclude that this appeal should be affirmed on the basis of, and for the reasons set forth in, the well-reasoned decision of the Superior Court dated July 27, 2007.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/Henry duPont Ridgely
Justice

I/M MR. Henry Taylor, JR.
SBI# 159464   UNIT 51
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



U.S. Delaware District
Court 844 N. King Street,
Lock Box 18 Wilmington, DE.

19801-3570