IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HENRY R. TAYLOR, JR.
Pro-se Plaintiff.

V.

Civil A. No. 07-244 JJF

KATHLEEN D. FELDMAN et.al.,

FIRST COMBINED SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO DEFENDANT JAMES FRAIZER

Pursuant to Rule 26, 33 and 34 of the
Civil Federal Rules Of Procedure Defendant
James Fraizer as a party to the above
Caption Civil action You are to adhere
to the following discovery request in
writing and where required under Oath
Within (30) days of the date of Service.



FILED

JUL 3 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## DEFINITIONS

(1) "Agency" shall mean any office, department, board, Commission or other seperate unit of government of this State, including all branches of government: Executive, legislative and judicial

(2) "Archival record" means those records that contain significant information about the past or present or provide significant evidence of the Organization, Policies, Procedures, decisions and essential transactions of public business and are therefore worthy of long-term Preservation and systematic management for historical and other research.

(3) "Custodian of public records" means the Person designated, Pursuant to § 520 of title 29 on State government who is otherwise responsible for Creation or maintenance of Public records.

(4) "Electronic record" means a public record that is Stored, generated, received or communicated by electronic Means for use by storage in an information system or the transmission from one information system to another.

(5) "Governing body" means the County Council, levy Court, City or town Council board or Commission or other body authorized by law to govern the affairs of local government.

1

(6) "Local government" means any County, City, municipality or other government, created by an act of the general Assembly that is not a State agency, department, board or Commission.

(7) "Public record" means any document, book, photographic image, electronic data, recording, paper, sound recording or other material regardless of physcial form or characteristics including electronic records created or maintained in electronic information systems, made, used, produced, composed, drafted or received in connection with the transaction of public business or in any way related to public purposes by any officer or employee of this State or any political subdivision thereof.

(8) "Political subdivision" includes Counties, cities, towns, districts, authorities and other public corporations and entities whether mandated by the Constitution or formed by an act of the General Assembly.

(9) "Records officer" means any person or persons designated according to the provisions of this Chapter whose responsibilities include the development and oversight of agency or local government records management programs.

2

(10) "Records retention and disposition schedule" means a list or other instrument describing records and their minimum retention periods which is issued by the Delaware Public Archives.

(11) "Vital records" means those records which contain information required for government to continue functioning during a disaster, protect the rights of Delaware citizens and document the obligations of Delaware government, and reestablish operations after a calamity has ended.

(12) "Document" or "documents" shall have the meaning setforth in Rule 34 (a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memorandum, books summarizing, ledgers or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its orgin or location, and regardless of the form in which such information exists or is maintained.

(13) The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

(14) Identify when used with respect to a person means to provide the following information:

(a) the name, telephone number and residential address of the person; and

(b) the name of the present employer, place of employment, business and job title of the person.

(15) "Identify" when used with respect to an entity means to provide the following information:

(a) the name, telephone number and address of the entity;

(b) the name of the entity's owners, principals, officers, and/or partners

(16) Identify when used with respect to a document means to provide the following information:

(a) the nature of the document (e.g., letter, contract, memorandum, etc.);

4

(b) the date of the document;

(c) the Preparer and/or source of the document and all recipients of the document;

(d) the substance in detail of the document; and

(e) each Person who now has Custody Possession or Control Of the document

## INSTRUCTIONS

1. Each Discovery Request shall be answered full and in writing and, where required by the applicable rules, under oath.

2. If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed the communication or other matter as to which such claim is made the subject of communication or other matter and the basis upon which you assert the claim of privilege.

3. These Discovery Requests shall be deemed to be continuing so as to require supplemental responses and or production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

1. With respect to Your January 9, 2006 letter attached to the Complaint at D.I. 2 EXh. 18 did You State any Clean up, Purging, Or destruction of Court records is done by a Superior Court Staff member Prior to Storage in Archives? If So, Please Provide any and all documents in Your Poss. or Control So as to identify the remaining Contents of the April 8, 1985 Court records and the name of the Superior Court Staff member responsible for any Cleanup Of the file Prior to Storage in Archives.

2. With respect to this Very Same letter at D.I. 2 EXh. 18 is it that You Stated Current retention Of Transcripts Of the Superior Court become a Permanent Part Of the Case files with Archives, in response to my December 12, 2005 letter? If So, Please produce any and all documents in Your Poss. or Control identifying Whether the April 8, 1985 Court records Were Kept or are Currently Kept in Storage On Computer disc "Electronic Record", Microfilm, Microfiche, Or any Other information System with Archives.

3. Is it the responsibility of every Public official and employee to adequately document the transaction of Public business and the services and Programs for which such Persons are responsible and to retain and Protect all Public records in their Custody in Connection with Archives? If so Please Produce any and all documents in your Poss. or Control so as to identify the dates and times every other Public official or other Superior Court employee documented their transaction with respect to the exact disposition of the April 8, 1945 Court records.

4. Is it that no Officer, member or employee of any agency of this State Can destroy or dispose of any "Public record" without first having advised the Del. Public Archives of their nature and Obtained its Consent? If so, with respect to "Archival Record" as described in definition No. 2 Please Produce any and all documents in your Poss. or Control identifying the name of the Person and the nature and Consent Obtained from Archives as well as the date the April 8, 1945 Court records were destroyed.

8

5. Is it the duties and responsibility of Del. Public Archives to maintain a retention Schedule with respect to Court "Records Kept in Storage? If So, Please Produce any and all documents in Your Poss. or Control identifying the retention Schedule describing the Periods that were issued for Storing the April 8, 1985 Court records With Archives.

6. With respect to the attached letter to the Complaint at DI 2 Exh. 17 do You agree the April 8, 1985 Court records were destroyed based on a twenty Year Policy? If So, as the designated Custodian over seeing Public records Please Produce any and all documents in Your Poss. or Control identifying Whether Prior approval from Delaware Public Archives Was granted for destruction of the Original Copies and duplication of the April 8, 1985 Court records.

9

7. With respect to the documents attached to the January 14, 2008 response to my request for Production of documents do you Contend the Stenographic notes of Court Rep. David G. Meddings were destroyed by Staff of Delaware Public Archives? If so, in regards to Agency box No. 103 together with records Center No. 35663 Please Produce any and all documents in Your Poss. or Control So it Can be determined Whether the April 4, 1945 Court records Were in fact destroyed in those boxes.

8. Please Produce any and all documents in Your Poss. or Control identifying how long the Original Court Rep. Joel Leitow Who is responsible for recording the April 4, 1945 Court records was required to keep the Stenographic notes of those Proceedings in Storage in Connection with the retention schedule at Archives.

10

## Certificate of Service

I, Henry R Taylor, JR. , hereby certify that I have served a true

And correct cop(ies) of the attached: Request for Production Of

documents and interrogatories _____ upon the following

parties/person (s):

TO: Marc P. Niedzielski                     TO: _____

Dept Of Justice                             _____

Civil Division 820N.                        _____

French St Wilm, DE 19801                    _____

_____                             _____


TO: _____                        TO: _____

_____                             _____

_____                             _____

_____                             _____

_____                             _____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 27th ___ day of June _____ ,200 8

Henry R. Taylor,

I/M MR. Henry Taylor, JR.
SBI# 159464  UNIT 51
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



UNITED STATES POSTAGE
PITNEY BOWES
02 1A            $ 01.51
0004608975     JUL 02 20
MAILED FROM ZIP CODE 199

U.S. Delaware District
Court 844 N. King Street,
Lock Box 18 Wilmington, DE.

19801-3570

U.S.M.S.
X-RAY