IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HENRY R. TAYLOR, JR.          :
                              :
        Plaintiff,            :
                              :
    v.                        :   Civ. Action No. 07-244-JJF
                              :
KATHLEEN D. FELDMAN, JEANNE K.:
CAHILL, PATRICK J. O'HARE,    :
SHARON AGNEW, and JAMES       :
FRAZIER,                      :
                              :
        Defendants.           :

**MEMORANDUM ORDER**

**I.   BACKGROUND**

Plaintiff Henry R. Taylor ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) Plaintiff alleges Defendants failed to retain and/or destroyed court files, particularly court transcripts. Defendants have answered the Complaint. (D.I. 18.) Now before the Court are Plaintiff's Motions To Amend. (D.I. 46, 70.)

**II.  STANDARD OF REVIEW**

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on

the merits rather than on technicalities." <u>Dole v. Arco Chem. Co.</u>, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. <u>See</u> <u>Dover Steel Co., Inc. v. Hartford Accident and Indem.</u>, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>See</u> <u>also</u> <u>Oran v. Stafford</u>, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. <u>See</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." <u>Harrison Beverage Co. v. Dribeck Importers, Inc.</u>, 133 F.R.D. 463, 468 (D.N.J. 1990).

### III. DISCUSSION

Plaintiff's first Motion To Amend seeks to add court reporter, Joel Liebow ("Liebow"), as a defendant. (D.I. 46.) The proposed allegations against Liebow are that he was the court reporter responsible for reporting the April 8, 1985 court records. Plaintiff states that this demonstrates Liebow's

relationship to the claims in the original Complaint. Plaintiff states that at the time he filed the original Complaint he was unaware of the actual court reporter responsible for reporting the April 8, 1985 proceedings, but has since learned it was Liebow. (D.I. 46.) The second Motion To Amend does not apprise the Court of Plaintiff's proposed amendment. (D.I. 70.) Instead, it recites the law applicable to amendment of complaints.

In Delaware, § 1983 claims are subject to a two-year limitations period. See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996); see also Wilson v. Garcia, 471 U.S. 261, 275 (1983). Plaintiff filed his Complaint on April 27, 2007 and, therefore, claims that occurred prior to April 27, 2005 are time-barred.[1] Section 1983 claims

---

[1] The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule." In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While Houston dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings. See Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998). Additionally, this district has extended the Houston mailbox rule to pro se § 1983 complaints. Gibbs v. Deckers, 234 F. Supp. 2d 458, 463 (D. Del. 2002).
  Plaintiff's original Complaint was signed on April 27, 2007, and the envelope it was mailed in is post-marked May 2, 2007. Therefore, Plaintiff's Complaint was delivered to prison authorities for mailing some time between April 27, 2007 and May 2, 2007. The Court concludes, therefore, that his Complaint was filed on April 27, 2007, the date it was signed, and the earliest date possible that it could have been delivered to prison

accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. See Mattis v. Dohman, 260 F. App'x 458 n.3 (3d Cir. 2008) (not reported).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." Smith v. Delaware County Court, 260 F. App'x 454 (3d Cir. 2008) (not reported); Wakefield v. Moore, 211 F. App'x 99 (3d Cir. 2006) (not reported) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)). It is clear from Plaintiff's proposed amendment that the claim against Liebow is time-barred.

Rule 15(c) of the Federal Rules of Civil Procedure, however, can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint. See Singletary v. Pennsylvania Dept. of

---

officials in Delaware for mailing.

Corr., 266 F.3d 186, 189 (3d Cir. 2001); Nelson v. County of Allegheny, 60 F.3d 1010, 1015 (3d Cir. 1995). Three conditions must be met for the successful relation back of an amended complaint that adds new parties: 1) the additional claim arose out of the same conduct as the original pleading; 2) the newly named party received such notice of the institution of the action within 120 days of the complaint so that the party will not be prejudiced in maintaining a defense on the merits; and 3) the newly named party must have known or should have known within 120 days that, but for a mistake made by the plaintiff concerning the newly named party's identity, the action would have been brought against the newly named party in the first place. Singletary, 266 F.3d at 189 (internal quotations and citations omitted).

It is evident that Plaintiff can meet the first prong of the test, and it may be that Plaintiff can meet the second prong of the test as notice can be actual, constructive, implied or imputed. Singletary, 266 F.3d 195. However, Plaintiff cannot meet the third prong of Rule 15(c) of 15(c) which is that the newly named party must have known, or should have known, that but for a mistake" made by Plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place.

Plaintiff asserts that at the time he filed the Complaint, he was unaware of the person responsible for the records at issue

5

in this action. His position is belied by the exhibits filed in support of his original Complaint. Plaintiff knew as early as May 22, 1998, that one of the court reporters was Joel Liebow, as evidenced by his letter to the former Chief Court Reporter David G. Meddings. The letter referred to the court reporters listed on the court docket sheet, and includes the name Joel Liebow. (D.I. 2, ex. 3.) Joel Liebow is also mentioned in Plaintiff's February 4, 2002 and September 24, 2004 letters. (Id. at exs. 4, 6.)

Hence, Plaintiff knew Liebow's name as early as May 1998, yet he failed to move to amend the Complaint until June 2008 2001. Therefore, Liebow could not have known that, "but for a mistake," Plaintiff intended to name him as a Defendant in his § 1983 action. See Powell v. First Republic Bk., 274 F. Supp. 2d 660 n.18 (E.D. Pa. 2003). It is evident from the face of Plaintiff's proposed amendment that the claim against Liebow is time-barred.

Finally, the proposed amendment against Liebow fails to allege a constitutional violation. Plaintiff merely alleges that Liebow was the court reporter for the April 8,1985, proceedings; nothing else. As discussed above, Plaintiff's second Motion To Amend does not contain any proposed amendments. For the above reasons, the Court concludes that amendment is futile, and the Motions will be denied.

6

## IV. CONCLUSION

NOW THEREFORE, IT IS ORDERED that the Motions To Amend are **DENIED**. (D.I. 46, 70.)

_____3/19/09_____         _____/s/ Joseph J. Farnan Jr._____
　　　DATE　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE