IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HENRY R. TAYLOR, JR., | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 07-244-JJF |
| KATHLEEN D. FELDMAN, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

I. **BACKGROUND**

Plaintiff Henry R. Taylor, Jr., ("Plaintiff"), an inmate currently incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. He also raises supplemental claims. Plaintiff proceeds pro se and has been granted leave to proceed in forma pauperis. On September 30, 2009, the Court granted Defendants' Motion For Summary Judgment. (D.I. 105, 106.) Plaintiff moves to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) and D. Del. LR 7.1.5. (D.I. 108, 109.)

II. **STANDARD OF REVIEW**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration

may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

### III. DISCUSSION

Plaintiff does not meet the standard for reconsideration as he provides no valid reason for the Court to reconsider its September 30, 2009 Opinion and Order. There is no need to

correct a clear error of law or fact or to prevent manifest injustice. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his Motion will be denied.

THEREFORE, IT IS ORDERED that Plaintiff's Motion To Alter Or Amend Judgment is **DENIED**. (D.I. 108.)

11/25/09
DATE

UNITED STATES DISTRICT JUDGE